MRS. M. D. THOMSON v. C. E. HINES ET AL.

(Case No. 3988.)

1. EVIDENCE — DELIVERY.— A bounty land certificate on which a patent issued to the original grantee was by its terms made alienable by the grantee, and "transferable by indorsement with a deed, before any competent authority and witnesses to the same." Formal assignments to several in succession, duly witnessed, the genuineness of the handwriting of each assignor being admitted, were on the back of the certificate, which after patent was found in the general land office. In that condition the certificate had been approved by the commissioner of land claims in 1859. Plaintiffs, who were heirs of the last apparent assignee of the

certificate, knew nothing of the ownership of the certificate except from the facts above stated. *Held,* that a certified copy of the certificate with its indorsements from the general land office was admissible to establish title in the last assignee,. and that the facts justified the presumption of the delivery of the certificate to him.

ERROR from McLennan. Tried below before the Hon. L. C. Alexander.

The case came up on an agreed statement as follows:

Suit brought by the defendants in error to recover four hundred and eighty acres of land, patented to Abraham Blunt. Defendant. pleaded not guilty.

Plaintiff in the court below offered in evidence:

1st. Patent from the state to A. Blunt for the land in controversy, dated November 8, 1875.

2d. A certified copy from the land office of the original certificate to A. Blunt, on which the patent issued, dated November 21, 1837.

3d. A land office copy of a transfer from A. Blunt to B. A. Foreman, dated December 29, 1837, indorsed on the back of the certificate. Witnessed by two witnesses, J. W. Moody and Francis. Stephens.

4th. Land office copy of a transfer of the certificate from B. A. Foreman to James W. Patton and Terrell Gorman, dated January 10, 1838, indorsed on the certificate; also witnessed by two witnesses,. J. W. Moody and M. C. Smith.

To the reading of these transfers defendant objected on the ground that there was no proof of delivery or of acts of ownership under them. Objection overruled.

5th. An agreement of counsel that the signatures of the parties. and witnesses to the transfers were all genuine.

6th. That plaintiffs were the heirs of Terrell Gorman, except Taylor and Leland, who claim under the heirs by a valid transfer.

7th. They proved that Terrell Gorman died in August, 1840, in Mississippi; that he came to Texas in company with Jas. W. Patton in 1838 to purchase land and land claims; that he returned from Texas in February, 1840, and that he told his wife that he had secured some four thousand acres of land in Texas, and had located some more lands, but had not secured them, and deposited his deeds and certificates somewhere in Texas. He told her the place, but she could not remember the name of it, and that he never spoke of having a partner.

8th. Agreement of counsel that defendant was in possession of the land.

Defendant called O. H. Leland, plaintiff, who testified:

"Do not know that plaintiffs have paid any taxes; he has paid none; plaintiffs did not know of the Blunt tract until witness wrote to them.   They knew they had land in Texas, but knew nothing of this particular tract.   They then sent witness power of attorney, coupled with a one-half interest, and he filed the suit.   There are two A. Blunt tracts; both were located by G. J. Carter; the one, he thinks, in 1853 or 1854, and the other in 1858 or 1859, one of which is the one in controversy."

The plaintiff called S. H. Renick, who testified:

"That witness placed one Ringer in possession as tenant for Mrs. Jane Stamps, who claimed as surviving widow of Oliver Gorman, deceased, who was a brother of Terrell Gorman, because G. J. Carter claimed to own the land, was paying taxes on, and trying to sell it.   Carter died some two years since."

The attorneys for plaintiffs and defendants in error agreed that the above are all the material facts in this cause, and that the only issue presented by the record for the decision of this court is:

"Was there sufficient evidence of the delivery of the certificate and transfers offered in evidence to the ancestor of plaintiffs to entitle them to recover?"

S. H. Renick,<br>
Attorney for Plaintiffs in Error.<br>
E. H. Graham,<br>
Attorney for all Defendants in Error.

*S. H. Renick,* for plaintiff in error.

*E. H. Graham,* for defendant in error, cited Dikes *v.* Miller, 24 Tex., 417; Poer *v.* Brown, id., 37; 3 Wash., pp. 291, 292; Powell *v.* Hayden, 40 Me., 582; Rivard *v.* Walker, 39 Ill., 413; Claud *v.* Calhoun, 10 Rich. Eq., 362; Mitchell *v.* Ryan, 3 Ohio St., 377; Howe *v.* Howe, 99 Mass., 98; Mooré *v.* Hashton, 9 Allen, 106; Riglee *v.* Cloud, 14 Pa. St., 361; Young *v.* Guilbeau, 3 Wall., 641.

Walker, P. J. Com. App.— Unless facts or circumstances exist which tend to rebut the inference that a written contract or obligation was delivered to the obligee, its possession by the latter, or by one claiming it through or under him, *prima facie* implies a delivery of it by the obligor or grantor; and possession of it by the obligee or grantee, or their assigns, is *prima facie* evidence of ownership.

The plaintiff claimed title to the land under these transfers of the certificate, by virtue of which the patent through which she claimed ownership had issued, and it was competent for her to establish her chain of title from the original grantor by evidence showing a transfer by him and the successive owners thereof down to herself. The transfers in question constitute the links which connect her with title to the land, and the facts essential to make them operative as evidence of the respective assignors of the certificate having conveyed and transferred their interests in it, may be established as well by circumstantial as by direct and positive evidence.

The certificate was a bounty land certificate or warrant for military services, and on its face was made alienable by the grantee, and "transferable by indorsement, with a deed before any competent authority with witnesses to the same." The transfers are full and formal assignments of the interests of the respective grantors, indorsed on the certificate. Thus indorsed they were presented to and approved by the commissioner of land claims in 1859, and in the same condition they are found in the general land office, whence a patent had been issued to the original grantee for the land which had been surveyed by virtue of them; patent dated November 8, 1875.

These facts import upon the face of the instruments of writing, that, at least, they were executed for delivery by Abraham Blunt and by B. A. Foreman at the respective dates of the several transfers. The indorsement of transfer by Foreman, at a date subsequent to the date of Blunt's indorsement of transfer, until otherwise explained, implies the possession of the certificate by Foreman when he made his transfer upon the certificate, and, until rebutted, surely establishes, to a reasonable certainty, that Blunt had delivered the certificate to him under the assignment which he made. If a deed is found in the grantee's hands, a delivery and acceptance is always presumed. 3 Washb. Real Prop. (4th ed.), 294. And the execution of a deed in the presence of an attesting witness is evidence from which a delivery may be inferred. Id., 294. Where the deed is delivered to the grantee named, the law presumes it was done with an intent, on the part of the grantor, to make his deed effectual. Id., 295. The indorsement by Foreman, on the back of the certificate, showing a voluntary alienation and transfer of his right to all interest to or in it, affords, of and in itself, evidence from which a delivery to the assignees, Patton & Gorman, ought to be inferred, unless circumstances or facts are shown to cast a doubt upon the correctness of such a conclusion; as instance the continued subse-

quent possession of the certificate and transfer by Foreman, under circumstances which did not develop any right of said assignees to demand from him the possession or control of the certificate, nor any consideration moving to Foreman, which would impose on him a duty or obligation to so deliver it.

But the case here is different. The certificate and transfer to Patton & Gorman were passed through the various official channels which the law provided for, to enable the owner of the certificate to obtain the proper evidence of its genuineness and validity, and to procure from the state the land which it called for, with the solemn written declaration indorsed upon it in due form by Foreman, disclaiming its ownership and asserting that it belonged to Patton & Gorman. If he had intended the written transfer thus made as provisional merely, and did not mean to deliver the certificate to them, it would be doing violence to reason to suppose that he would thus have acted. On the contrary, he would have erased and canceled the transfer, as he certainly had a right to do, if there had been no delivery of it, actual or constructive, and he had not intended to give effect to the transfer he had written.

We are clearly of opinion that the court did not err in admitting the evidence.

We conclude that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved June 1, 1883.]