Opinion delivered May 27, 1887.

No. 5887.

## JAMES R. FARRAR *v.* TALLEY & HESTER.

1. ATTACHMENT.—When process of attachment is obtained by one who has no just claims against the owner whose property is seized, and for the purpose of gaining thereby an illegal advantage in the collection of his pretended debt, the act is not only wrongful but malicious, and though the property seized be returned to the owner uninjured and the attachment suit dismissed, at least nominal damages may be recovered for the wrong.

2. SAME.—If, under attachment thus wrongfully obtained, the property seized is not, on the dismissal of the suit, returned to the owner, but is impaired in value or lost to the true owner, he may recover in addition not only an amount that will reimburse him for the loss sustained, but if the attachment was without probable cause, exemplary damages.

3. PRINCIPAL AND AGENT, ESTOPPEL.—The fact that one has on a former occasion paid drafts drawn on him by another, can not of itself render him liable for purchases made by such other person as his agent, nor can it estop him from denying that an agency ever existed.

APPEAL from Throckmorton.   Tried below before the Hon. J. V. Cockrell.

The opinion states the case.

*A. H. Carrigan* and *West & McGown,* for appellant: That the attachment was without probable cause, and that apellant was

entitled to actual damages, they cited Walcott v. Hendrick, 6
Texas, 407; Culbertson v. Cabeen, 29 Texas, 255; Kaufman v.
Wicks, 62 Texas, 234; Jacobs, Bernheim & Co. v. Crum, 61 Texas,
401; 2 Greenleaf on Evidence, section 453; Carothers v. McIl-
henny Co., 63 Texas, 138; Christian v. Seeligson, 63 Texas, 405;
Bear Bros. &_Hirsch v. Marx et al., 63 Texas, 298; Revised Stat-
utes, article 152.

That the appellees, Talley & Hester, having willfully disre-
garded the rights of appellant Farrar, by causing an attach-
ment to be levied upon his property when no ground for attach-
ment existed as to Farrar for the levy so made, were guilty of
such acts as constituted legal malice, and therefore they were
liable in actual and exemplary damages, they cited Craddock
v. Goodwin, 54 Texas, 578; Drake on Attachment, section 745,
733; Waples on Attachments, 445.

No briefs on file for appellees.

GAINES, ASSOCIATE JUSTICE.  Appellant brought this suit in
the court below against appellees to recover damages for the
wrongful and malicious suing out of an attachment.  Appellant
had a flock of sheep in Throckmorton county, which was in
charge of one W. B. Hamilton.  Hamilton contracted an indebt-
edness with appellees amounting to two hundred and sixty-
seven dollars and ten cents, for which he gave them a draft on
appellant, but which was not paid.  Appellees thereupon brought
suit in the latter county against appellant and Hamilton on the
account, and sued out a writ of attachment which they caused
to be levied upon appellant's sheep.  The affidavit for the at-
tachment, as special grounds for obtaining the writ, stated only
that defendant Farrar was not a resident of Throckmorton
county, and that defendant Hamilton secreted himself so that
ordinary process of law could not be served upon him.  The
sheep were levied upon by virtue of the suit as the property of
Hamilton, and described as "the James Farrar and W. B. Ham-
ilton sheep."  The suit was brought on the thirteenth day of
June, 1885, and dismissed on the twenty-sixth day of the same
month as to Farrar, and on the fifteenth September, 1885, as to
Hamilton.

On the trial of the case before us, appellee Talley testified that
he instructed the sheriff to levy upon the sheep, and that he dis-
missed his suit in September, because one Major Smith wanted

to buy the flock under an execution against Hamilton, and offered to pay appellee's debt, which he did.    Appellant testified that the sheep had never been returned to his possession.    There was testimony tending to show that they were more valuable when the attachment was released than when it was levied. Appellant testified that he bought the sheep originally, and that he had made a contract with Hamilton to give him part of the wool and the increase to take care of them at the expense of the latter; but that, in 1884, Hamilton became dissatisfied, and sold his interest to appellant for seven hundred dollars.    This sale was evidenced by a bill of sale, which was recorded in Throckmorton county.    There was no evidence to show that Hamilton was the agent of appellant to contract the debt with appellees, except Hamilton's own statement to that effect, and the fact that appellant had previously paid some drafts drawn upon him by Hamilton.    The only reason given by appellee Talley in his testimony for suing out the attachment was, that he had heard that appellant never paid his debts until he was forced to do so. It appeared that appellant resided in Ellis county, was entirely solvent, owing no debts and owning a large amount of property in the county of his residence and live stock in Throckmorton county in addition to the sheep upon which the levy was made.

Under this state of facts, the court below concluded that appellant was entitled to recover no damages, either actual or exemplary, and gave judgment for the defendants.

The assignments of error are numerous, but need not be considered in detail.    They are sufficient to raise the question of the correctness of the conclusion and the judgment of the court.

In our opinion the court erred in its judgment.    That the attachment was wrongfully sued out there can be no question. The appellees, as the evidence shows, had no ground whatever for an attachment.    In the first place, appellant owed them nothing.    They wholly failed to show that Hamilton had authority to buy the goods on Farrar's credit.    That Hamilton could not charge appellant by representing himself as the agent of the latter is too clear for discussion.    Nor did the fact that Farrar paid Hamilton's drafts on former occasions prove that an agency existed; nor did it estop Farrar, as the court below concluded, from denying that Hamilton was authorized to purchase the goods on his account.    But, even had a debt existed, the affidavit shows no ground for suing out the writ; and the testimony

of appellee Talley makes it clear that none whatever existed. It is evident, therefore, that the attachment was issued wrong-fully and without the shadow of a cause. The facts show that appellees, although not actuated by any malevolent purpose, availed themselves of the forms of the statute to procure the issuance of a writ which the law, under the circumstances, did not warrant, and thereby to obtain an illegal advantage in the attempt to collect a pretended claim. This rendered their act not only wrongful but malicious. (Culbertson v. Cabeen, 29 Texas, 247.)

In determining the question of damages, the court below seems to have proceeded upon the idea that if live stock other than work animals be unlawfully seized and subsequently re-leased, in better or more valuable condition than when taken, no action will lie for the wrong. This we conceive to be erron-eous. The injured party in such case is entitled to his action, and to recover at least nominal damages and costs. (Champion v. Vincent, 20 Texas, 811.) But such is not all of appellant's case. The court, it is true, finds as a matter of fact, in effect, that the sheep were returned to him by appellees. But the un-disputed fact is that they were not returned, but were merely released from the attachment and left with the sheriff to be sold under an execution against Hamilton—appellees receiving the amount of their debt as a consideration of the discharge of their levy. If they had placed the property back into the possession of appellant, they would have repaired their wrong pro tanto, and under the evidence may have been liable only for nominal damages for the mere wrongful issue of the writ.

In Heilbroner v. Douglas, 45 Texas, 402, it was held that the release of property from an attachment by the plaintiff in the suit does not relieve him from liability for its value when it is lost to the defendant without any fault on his part. In Cham-pion v. Vincent, supra, the defendant had killed the plaintiff's hogs and had returned him the carcasses, and the court held that, although the animals may have been worth as much slaughtered as when alive, yet plaintiff was entitled to recover nominal dam-ages for the trespass, and that the defendant having committed the act "deliberately and in willful violation of plaintiff's rights, in a manner and under circumstances of aggravation, showing a violent, reckless and lawless spirit," the law would allow also exemplary damages by way of punishment for the wrong.

It follows, from what we have said, that we are of opinion

that the appellant was entitled to recover upon the facts proved in the court below, and that the judgment is therefore erroneous and should be reversed. Should it appear upon another trial that appellant lost his property by reason of the levy of the attachment, he will be entitled to recover its value at the time of the levy; and should it further appear that there was no probable cause for the attachment, malice may be implied and exemplary damages may be awarded.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*