## W. R. Ingram et al. v. Annie F. Walker.

### No. 1038.

1. **Evidence—Certified Copy.**—A certified copy from the Comptroller's office of a soldier's discharge, issued in 1836, entitling him to a bounty land certificate and money, and filed in said office for more than thirty years, is admissible in evidence.

2. **Land Certificate—Sale of.**—The sale by a Probate Court of a soldier's discharge, issued in 1836, entitling him to a land certificate, will, after the lapse of forty years, be held a sale of the land certificate already then issued by virtue thereof.

3. **Trespass to Try Title—"Not Guilty" Admits Possession.**—In trespass to try title, the plea of not guilty admits the possession, although the answer denies possession.

Appeal from Montague. Tried below before Hon. D. E. Barrett.

*Sparks & Smith,* for appellants.—1. The copy by the Adjutant-General of the copy by the Auditor was not competent evidence; and there was no corroborating proof of its genuineness. 1 Greenl. on Ev., secs. 141–144; Wilson v. Simpson, 80 Texas, 283; Stroud v. Springfield, 28 Texas, 649; Dotson v. Moss, 58 Texas, 152; Parker v. Newberry, 83 Texas, 428.

2. A military discharge for three months' service in the army of Texas, in 1836, which entitled the soldier to money and also to a bounty warrant for land, with a transfer thereon, deposited in the office of the Comptroller, is not an archive pertaining to land titles; and a copy of such transfer, without accounting for the nonproduction of the original or showing the execution of the same, is not admissible when offered as a muniment of title. Rev. Stats., art. 57; Dotson v. Moss, 58 Texas, 158.

3. Such discharge is only the evidence of the holder's rights to procure from the proper authorities a certificate for land and the money due for such services; and when the certificate issues and the money is paid, whatever virtue it has as a demand for land merges into the certificate, and it has then served its functions; and a sale of the "discharge" after the certificate issues, by a third person, confers no rights on such purchaser to the certificate nor to the land on which it is located.

*B. L. Frost* and *J. M. Chambers*, for appellee.—1. A certified copy of an instrument which is an archive of the Comptroller's office is admissible in evidence, and the file marks as shown by such copy are admissible to prove the age of such instrument. Sayles' Civ. Stats., art. 64, and notes; 1 Pasch. Dig., art. 1134; Acts 7th Leg., p. 40.

2. The owner of a land certificate located upon land has the legal title to such land. Adams v. House, 61 Texas, 639; Capp v. Terry, 75 Texas, 391; Daniel v. Bridges, 73 Texas, 149.

3. An answer pleading "not guilty" admits possession. McNamara v. Meunsch, 66 Texas, 68.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered two tracts of land of 160 acres each, situated in Montague County, located in 1860, by virtue of a certificate or warrant issued to William Moffitt in 1838, in consideration of three months' military service rendered by him prior to that time.

His discharge, as set out below, bore date September 12, 1836, and had indorsed upon it an assignment to Robert Townsley, authorizing him to receive in his own name all pay, bounty lands, etc., due said Moffitt from the government on the same. In 1845, pending administration upon the estate of said Robert Townsley, this discharge, by regular proceeding in the Probate Court, was sold as the property of said estate to George W. Ward; and by a like proceeding in the years 1855 and 1856, in administration upon the estate of said Ward, deceased, was sold to Dr. John C. Perry, who seems to have died at some time thereafter, prior to the year 1873.

It was admitted on the trial that plaintiff was the sole heir of said Perry, and entitled to whatever interests he had in the William Moffitt lands.

Appellants assign error to the action of the court in admitting and considering in evidence, as stated in the third assignment, "the pretended copy of a pretended discharge, and transfer thereof, of William Moffitt;" and as stated in the fourth assignment, "the pretended copy of said discharge of William Moffitt, and transfer, with the indorsements thereon."

These copies read:

"This is to certify that William Moffitt has been in my ranging company on the frontier for the term of three months, and has honorably discharged his duty.          "STERLING C. ROBERTSON, Capt. Range.
"September 12, 1836."

Indorsed thereon: "For value received, I assign the within discharge to Robert Townsley, and fully authorize him to receive in his own name all pay due me, bounty lands, etc., which is due me from the government.          [Signed]     "WM. MOFFITT."

"AUDITOR'S OFFICE, HOUSTON, May 4, 1837.
"I certify that the foregoing is a true copy of the original now on file in my office.          "J. W. MOODY, Auditor."

"ADJUTANT-GENERAL'S OFFICE, AUSTIN, January 5, 1848.
"I certify that the discharge, transfer, and certificate are true copies taken from the certified copy of the auditor, now on file, as per vouchers in my office.          "C. L. MANN, Acting Adjutant-General."

The original discharge, with transfer indorsed, as appears from Comptroller's certified copy of originals on file more than thirty years in his office, was audited in favor of Townsley, as assignee, and filed in the Auditor's office May 4, 1837, and the certified copies offered, together with the muniments of title derived through the probate proceedings, were traced from the possession of Dr. Perry, who had claimed the certificate, to that of appellee, who subsequently claimed the certificate and land. A certified copy of the original discharge, transfer, etc. (of which the foregoing were certified copies of prior date), under the hand and seal of the Comptroller, as records of his office, was admitted in evidence. The warrant issued to Moffitt was presented to the Commissioner of Claims for approval by Dr. Perry, through David Thomas, his agent.

In view of the age of the papers and of the attendant circumstances corroborative of their genuineness and delivery, we are of opinion that there was no reversible error in admitting the certified copies, especially in view of the fact that the certified copy by the Comptroller of the originals was introduced, the latter being rendered expressly competent by the statute. Sayles' Civ. Stats., art. 64, and notes; Thompson v. Hines, 59 Texas, 525.

The next ground of contention is, that there was error in admitting and considering in evidence the deeds and administration proceedings by which the military discharge in question was conveyed, first to Ward and then to Perry. Appellants contend that this military discharge, after the issuance of the certificate in 1838, became functus officio, and that therefore no right passed by its sale. After reciting

the facts shown by the discharge, this certificate further stated the quantity of land to which "Moffitt or his assignee" was thereby entitled, as fixed by the law in force when the discharge was issued. It only made more certain and definite the right of which the discharge was the original evidence.

An examination of these probate proceedings leads to the conclusion that it was the evident intention to convey whatever rights to land the three months' service in question had secured to said Moffitt or his assigns. It will be borne in mind that at the dates of these sales the certificate or warrant had not been located. The case of East v. Dugan, 79 Texas, 329, is therefore not entirely applicable, though perhaps possessing some force by way of analogy. The discharge and certificate were alike but evidence of the same right to acquire land. This right was founded on the ordinance and decree of December 5, 1835, (Paschal's Digest, article 4039), and the three months' military service rendered in pursuance thereof, followed by an honorable discharge. It was this right as evidenced by the discharge, and not merely the paper symbol, which passed by the probate sales. When such right is tied by location to a particular tract of land, its character is changed not only from personalty to realty, but also from a floating right to acquire land in general to that of a title to specific land. Until then no such important changes take place, and the fact that the paper evidence of the same substantial right may have assumed different forms should not now be used to overturn solemn judicial proceedings of forty or fifty years ago. Such a rule of construction would forsake the substance to pursue the shadow. Money seems to have been realized by the administrators from these sales, and doubtless appropriated as assets to said estates. After so great a lapse of time, under these circumstances, we think that strangers to the title should not be heard to dispute the efficacy of the proceedings. Sypert v. McCowen, 28 Texas, 635.

As to the issue of stale demand, the land not having been patented, the legal title was still in the State, and appellants were in no manner connected therewith; but if they should be permitted to urge such equitable defense, it seems to us that the admission upon which the case was tried—that plaintiff below was entitled to whatever interest Dr. Perry had in the William Moffitt lands—would deprive them of its benefit.

In reference to the judgment over against the warrantors, we find no error. There having been no eviction, interest was not recoverable, and as the improvements were made upon the land by the warrantors, the value of which was adjudged to their vendees, it was proper to deduct the amount thereof from the amount of the purchase money originally paid. The rights of these vendees were amply protected by the judgment, and they have no just cause of complaint.

The ninth and last assignment complains that the proof failed to show that the defendants were in possession of the land sued for. While the fact of this possession was denied, for the purposes of this action, the plea of not guilty must be held to have waived such a denial.

The judgment is affirmed.

*Affirmed.*

Delivered April 25, 1894.