CENTRAL CITY TRUST COMPANY v. WACO BUILDING ASSOCIATION.

Application No. 3160. Decided November 14, 1901.

1.—Judgment Lien—Unrecorded Deed.

The lien of a judgment on due record of abstract and the title of a purchaser at sale thereunder are superior to the rights of a purchaser under an unrecorded deed. (P. 51.)

2.—Trespass to Try Title—Pleading—Foreclosure.

Defendant under the plea of not guilty in trespass to try title can not avail himself of a vendor's lien held by him against the property. (P. 51.)

Application for writ of error to the Court of Civil Appeals for the Third District.

*Chas. A. Jennings,* for plaintiff in error.—The Court of Civil Appeals, in adopting the conclusions of law of the trial court and affirming the judgment of said court, erred as follows, to wit: In holding as it did in items No. 2 and No. 4, that, under the facts, the lien created by and incident to the filing, indexing, etc., of the abstract of the Waco Building

Association was superior to any rights acquired under the conveyances, or any of them, to the Central City Trust Company as set forth in the findings of facts, in that the court finds that: "It was admitted on hearing, that the recitals in said deeds (deeds from Moore to Johnson, Johnson to Beerman,. and Beerman to the trust company) and the recitals in the sheriff's deed to plaintiff, are to be adopted as facts proven." Therefore it is admitted, and so found by the trial court, that James I. Moore sold the premises in controversy to Julia Johnson on February 27, 1897, and that on said date the Central City Trust Company acquired a valid vendor's lien on said premises for the sum of $690, and that on June 19, 1899, Julia Johnson sold said premises to M. B. Beerman for $50 cash and fifteen notes for $25 each, which notes were made payable to and accepted by the Central City Trust Company in lieu of the balance due on the Julia Johnson $690 note, and that on December 15, 1899, M. B. Beerman sold said premises to the Central City Trust Company for the consideration of $50 cash, and the surrender and cancellation of his fifteen notes for $25 each, held by the Central City Trust Company. The fourth finding of fact shows that Julia Johnson was placed in possession of the premises under her deed on February 27, 1897. It therefore is shown that the Central City Trust Company was the owner of the premises sued for, and in possession thereof, under its vendor's lien acquired February 27, 1897, which vendor's lien was afterwards merged into a title by virtue of the several conveyances above named, which were recorded on the 2d day of January, 1900.

It being admitted that Moore conveyed the premises to Johnson on February 27, 1897, retaining a vendor's lien to secure the payment of the Julia Johnson note for $690, and the note being then made payable to the Central City Trust Company, the only title in said premises then remaining in Moore was held in trust by him for said trust company to secure the payment of said note, and therefore no other title could be acquired by the Waco Building Association under its lien, execution, and sheriff's sale than that owned or held by Moore at the time of such levy and sale, and as the Central City Trust Company's lien was superior to any rights of the said Moore at the time of said levy and sale, it necessarily follows that the lien of the Waco Building Association was inferior to the lien of the Central City Trust Company, and in holding otherwise the Court of Civil Appeals erred. Senter v. Lambeth, 59 Texas, 259; Russell v. Kirkbride, 62 Texas, 456; Carleton v. Hausler, 49 S. W. Rep., 121; John B. Hood Camp v. De Cordova, 92 Texas, 206.

The Court of Civil Appeals erred in adopting the third conclusion of law as found by the trial court, when it said: "I am of the opinion that the facts relative to the occupancy of the premises subsequent to the removal of Julia Johnson therefrom in March, 1897, were insufficient to operate as a notice to plaintiff, or to put it on inquiry, of any claim by said Julia Johnson, or to put plaintiff upon inquiry as to any title or

ownership other than in James I. Moore." Whitehead v. Foley, 28 Texas, 14; Elliot v. Mitchell, 47 Texas, 451.

The Court of Civil Appeals erred in adopting, as its conclusion of law, the conclusions of law as found by the trial court in the fifth subdivision of its conclusions of law: "The lien of the judgment having been fixed, the subsequent sale under execution issued upon such judgment operated to foreclose such lien, and the fact that plaintiff in that judgment (the same as in this action) became the purchaser at such execution sale by crediting the purchasing bid upon the execution rather than by payment thereof in cash, which would at once pass back to it as execution creditor, does not defeat its rights to recover in this action upon a title so acquired." Senter v. Lambeth, 59 Texas, 259; Russell v. Kirkbride, 62 Texas, 455; Hamblen v. Folts, 70 Texas, 135; John B. Hood Camp v. De Cordova, 92 Texas, 206.

The Court of Civil Appeals erred in adopting as its conclusions of law, the conclusions of law of the trial court as set forth in the fourth subdivision of said findings, wherein the following language is used: "I am further of the opinion, and so find, that when Julia Johnson made her purchase.money notes under the conveyance to her by Moore in February, 1897, acknowledged August 4, 1899, payable to the defendant Central City Trust Company, that thereby the trust company became an original party to the transaction, and that it thereby acquired a vendor's lien, and right to foreclosure; that said notes were instruments of a character that could have been acknowledged, and so brought within the operation of the registration laws; and that the failure of such payee to have them acknowledged and recorded operated to make such lien and rights subject and subordinate to the lien and rights growing out of the record of the abstract of judgment; and that said trust company, being a participant in the sale to Johnson, is estopped from setting up any secret or latent equity, or rights growing out of the transactions, derogatory to rights under the abstract lien." Senter v. Lambeth, 59 Texas, 259; Russell v. Kirkbride, 62 Texas, 456; John B. Hood Camp v. De Cordova, 92 Texas, 206; Carleton v. Hausler, 49 S. W. Rep., 121.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title by defendant in error against plaintiff in error, in which the petition was in the ordinary form and the answer a plea of not guilty. Both parties claimed under J. I. Moore.

Plaintiff below recovered judgment for money against Moore on May 14, 1897, of which an abstract was duly filed and recorded May 15, 1897, and thereafter the property was sold under such judgment and purchased by plaintiff. On the 27th day of February, 1897, Moore conveyed the property to Julia Johnson, who, for the purchase money, executed her note payable to the Central City Trust Company in installments amounting to $690. The deed executed by Moore to Johnson retained a lien to secure the note, but it does not appear from the findings of fact made by the district judge (there being no statement of

facts), that the note expressed any lien or that it was such an instrument as should have been recorded. The deed was not filed for record until January 2, 1900.

Julia Johnson conveyed the property to M. B. Beerman on the 19th of June, 1899, Beerman for the purchase money paying $50 cash, and executing fifteen notes for $25 each, payable to the Central City Trust Company. A lien to secure these notes was likewise retained in this deed, which was also recorded January 2, 1900. The notes given by Beerman were taken by the Central City Trust Company in lieu of that of Julia Johnson, executed in the sale from Moore to her. Beerman afterwards conveyed the property to the Central City Trust Company for $50 cash and in satisfaction of his notes. When plaintiff's abstract was recorded, no one was in possession of the property and plaintiff had no notice of the conveyance from Moore to Johnson.

Under the rule in Grace v. Wade, 45 Texas, 522, and many other cases following it, plaintiff's lien, arising from the record of its abstract, was superior to the unrecorded deed from Moore to Johnson, and, by its purchase at execution sale, plaintiff acquired title to the property as against those claiming title under that deed. The pleadings presented only the question of title and right of possession. If defendant, by virtue of the note originally given by Julia Johnson for purchase money, held a vendor's lien on the land which is still enforcible, it could not be foreclosed under the plea of not guilty. Hence, in refusing the application, we do not pass upon this question. The judgment is correct and the writ of error is refused.

*Writ of error refused.*