### TANNER v. IMLE et al. (No. 6983.)

(Court of Civil Appeals of Texas. San Antonio. June 13, 1923. Rehearing Denied June 29, 1923.)

**1. Appeal and error ⬤➞1164—Amendment must be made before judgment.**

Where defendant in trespass to try title seeks affirmative relief on a plea of "not guilty," and refuses to amend his pleading at the court's suggestion, the judgment cannot be reversed and the case remanded to permit such amendment.

**2. Trespass to try title ⬤➞35(2)—Any plea maintaining defendant's possession held a bar to recovery.**

Under Rev. St. art. 7741, in trespass to try title. the trespasser pleading "not guilty" will be left in possession by raising any bar that will maintain his possession, such as by showing superior title in himself or in another.

**3. Trespass to try title ⬤➞35(2)—Defense requiring specific performance must be specially pleaded.**

Under Rev. St. arts. 7733, 7739, in an action of trespass to try title, where the petition and plea of "not guilty" are in statutory form, defendant cannot obtain specific performance of a contract to convey land, though justified by the evidence, in the absence of a special affirmative plea, since the only questions presented are title and right to possession.

**4. Trespass to try title ⬤➞35(2)—If "equitable title" pleaded, it must be complete in itself.**

Under Rev. St. arts. 7733, 7739, in an action of trespass to try title where the pleadings are in statutory form, plea being "not guilty," defendant may prove a title either equitable or legal, but if equitable it must be complete and ample in itself; an "equitable title" meaning, not a title, but a mere right in the owner thereof to have the legal title transferred to him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Equitable Title.]

**5. Trespass to try title ⬤➞35(2)—"Not guilty" plea renders admissible any fact not of an affirmative nature.**

In trespass to try title, the plea of "not guilty" renders admissible any fact not of an

---

⬤➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

affirmative nature to defeat plaintiff's recovery, and may be applied defensively for an equitable estoppel.

### 6. Specific performance ⬉25—Contract to convey land should be binding obligation at law.

For one to secure specific performance, his contract for land should possess the essentials of an obligation binding at law and be a concluded contract, sufficiently definite and certain within itself.

### 7. Specific performance ⬉8—Relief is discretionary.

Specific performance of contracts is not a matter of right, but is within the court's sound discretion.

### 8. Trespass to try title ⬉35(2)—Defense of equitable title requiring specific performance under plea of "not guilty" must show nearly complete title.

Under a plea of not guilty, in an action of trespass to try title, defendant attempted to prove a right to specific performance of a contract to convey the land. Part of the consideration was the mutual transfer of lands by plaintiff and defendant. The conditions precedent to defendant's transfer required removal of a lien, a mortgage, and judgment, and other adjustments some of which had not been made before trial commenced. *Held*, that defendant's equitable title was not sufficiently complete to admit the defense without an affirmative plea.

### 9. Trespass to try title ⬉35(2)—Release of liens during suit for recovery of land held not available to defendant as part performance of contract, where not set up by supplemental pleading.

In trespass to try title, where defendant merely pleaded "not guilty," but sought to show, as a defense, an unexecuted contract for exchange of lands, *held* that, where defendant acquired the releases of certain liens on his land after institution of suit, such releases, offered at the time of trial, and not set up by supplemental pleading, were not available as part performance of obligations imposed by the contract.

### 10. Trespass to try title ⬉35(2)—"Equitable title" available under general issue defined.

The rule that, in trespass to try title, under a plea of "not guilty" an "equitable title" may be shown to defeat recovery, means that the "equitable title" must be a right so complete as to require little else to be done and must rise to the dignity of a title.

### 11. Escrows ⬉12—Upon performance of conditions, delivery of deed not necessary to pass title.

When deeds and contracts in respect to title to lands are placed in escrow providing for delivery thereof upon performance of the terms of the escrow agreement, the title will pass upon performance, regardless of delivery of the deed.

### 12. Escrows ⬉1—Escrow agreement held not shown by facts.

The fact that plaintiff executed a deed to defendant and left it with his lawyer until an abstract of title could be furnished for 160 acres of defendant's land, the balance being clear, and that the title was later perfected, *held* not to show an escrow agreement, since no mutual meeting of minds on the terms of the agreement is shown.

### 13. Escrows ⬉1—Escrow agreement must be mutual and clear and definite.

An escrow agreement, whether written or oral, must be participated in by both parties to meet the requirements of mutuality, and must be clear and definite.

Appeal from District Court, Hidalgo County; Hood Boone, Judge.

Trespass to try title by Fred Imle and another against T. B. Tanner. Judgment for plaintiffs, and defendant appeals. Affirmed.

Terrell, Davis, Huff & McMillan, of San Antonio, and Gause & Kirkpatrick, of Mercedes, for appellant.

Weaver & Carroll, of Donna, and D. F. Strickland and W. L. Dawson, both of Mission, for appellees.

COBBS, J. Fred Imle, joined by his wife, Clara Imle, appellees herein, brought this suit against T. B. Tanner, appellant herein, for the lands described in the pleading situated in Hidalgo county and for rents and with a prayer for a writ of sequestration to issue to seize the land. Appellees gave the bond required, and a writ was issued and directed to the sheriff of that county, who, by virtue thereof, seized and took possession of the lands; but upon appellant's executing a replevy bond, the appellant was allowed to remain in possession of the land. The petition was a pure and simple petition in the usual statutory form employed in trespass to try title cases for the recovery of the possession of the lands and for rents.

The answer to that petition was the usual and customary defense of general exception, and for answer pleaded "that he is not guilty of the injury complained of in the petition filed by plaintiffs against him, and upon this he puts himself upon the country," called, in the usual parlance, a plea of "not guilty."

The case was tried with a jury. The appellees introduced conveyances passing to him the legal title to the land in controversy, and it was agreed to be the common source of title by the parties. Appellees then introduced appellant's plea to show appellant in possession of the land sued for.

This made a prima facie legal title, entitling appellees to a judgment unless defeated by a superior right. To defeat this

---

recovery, the appellant without any affirmative pleading whatever sought to prove a right and title to the land growing out of a contract, the consideration being partly for the exchange of lands. The lands to be conveyed to appellees showed a large number of incumbrances that appellant was to cause released. Appellant also offered in evidence a deed from appellees to appellant of the lands in controversy. These deeds were left with Mr. Carroll in the office of Mr. Walter Weaver, the attorney of appellees. Appellant testifies the deeds were left "for safe-keeping until the abstract of title could be furnished to the 160 acres of land belonging to his children." The title to 290 acres thereof was passed by Mr. Weaver, but never as to the 160 acres described in appellant's contract to convey to appellees. Although each party executed deeds, the one to the other, for the properties to be exchanged, they were merely tentative and never delivered. The transactions between the parties, as shown both by written and verbal contracts, depend upon conditions precedent appearing in the face of the contract to be performed by both parties and title subject to the approval of attorneys. Each party was to assume certain liens on each other's land and to furnish abstracts showing marketable titles and close the deal on August 1, 1922. This suit was not filed until September 5, 1922.

It is really not necessary for us to discuss the evidence to determine whether the facts would or would not present a case where the court, as an original proposition, could decree specific performance on a plea of not guilty.

[1] At the very outset the trial judge called appellant's attention to the fact that he could not decree the relief sought by him, without a special pleading seeking affirmative relief. Full opportunity was given to appellant to amend his pleading, but this offer was declined, and he then proceeded upon the "even tenor of his own way" to present his case, which resulted in an instructed verdict against him, and if he erred in that respect as said in Bunn v. Laredo (Tex. Civ. App.) 208 S. W. 675, this court is not authorized to reverse and remand a case to enable a party to amend his pleading, and as said in Perego v. White et al., 77 Tex. 199, 13 S. W. 975, by Justice Gaines:

"The judgment against him is the only proper judgment that could have been rendered under the pleadings and evidence, and, though we recognize the hardship of the case, we cannot reverse it."

[2] This case, stripped of everything, depends upon the question made by the parties themselves, and as to whether the appellant was correct in ignoring the court's suggestion as to the supposed defect in the pleading, he hazarded his case, by standing on his plea of "not guilty," which he contends permitted him to establish his right, title, and possession to the land sued for under the terms of his purchase as an equitable title. This was a possessory action with the prayer usually used in such cases, to be let in possession. In such suits the trespasser will be left in possession of the property by raising any bar that will maintain his possession, such as by showing some superior right in himself or some superior title in some other person outstanding. Appellant contends he was put in possession by appellees in accordance with their agreement.

In this suit appellant says:

"I have your contract for the sale and exchange of the lands you delivered possession to me under the terms of the contract, and I have now done everything required of me, and you must take my deed, as the completed transaction, and under that state of affairs the court must decree a specific performance of the contract whether the pleading be the proper one in such cases or not."

The petition in this case closely follows the statutory form prescribed by article 7733, R. S., as does the answer follow as closely article 7739, R. S. The plea of not guilty admits possession, article 7741, R. S., and under that plea "may give in evidence any lawful defense to the action, except the defense of limitation, which shall be specially pleaded." The parties, as stated, have presented a plain trespass to try title case of recognized statutory precedent and offered testimony of an executory contract, both in writing and in parol, for the purchase and exchange of the land, which contained many conditions precedent to be performed, requisite to defeat the recovery, which appellant contends can be done by proof without special pleading, showing the right to require, in equity, a decree for the specific performance of the contract.

[3] It was in such a case that the court, in Roth v. Schroeter (Tex. Civ. App.) 129 S. W. 203, held where "the petition is in a statutory form and the answer a plea of not guilty, equitable relief cannot be obtained by either party, though equities arise from the evidence." Such a plea only presents the question of title and the right of possession. Central City Trust Co. v. Waco Bldg. Ass'n, 95 Tex. 48, 64 S. W. 998. Under our peculiar system of pleading, to maintain possession a superior equitable title is just as available as a legal title. It is a title. Tenzler et al. v. Tyrrell et al., 32 Tex. Civ. App. 443, 75 S. W. 57; Wright v. Riley (Tex. Civ. App.) 118 S. W. 1134.

[4] To clarify the question, What defenses may be set up to defeat the possessory action on a plea of not guilty, it being understood, as it is well settled, that an equitable title may be employed for that purpose, but

it must be complete and ample within itself? Kauffman v. Brown, 83 Tex. 41, 18 S. W. 425; Compton v. Seley (Tex. Civ. App.) 27 S. W. 1077; McKamey v. Thorp, 61 Tex. 648; Scarbrough v. Alcorn, 74 Tex. 358, 12 S. W. 72; Mayes v. Manning, 73 Tex. 46, 11 S. W. 136.

[5] Under the plea of not guilty, any fact not of an affirmative nature may be shown to defeat the plaintiff's recovery. Hardy v. Brown (Tex. Civ. App.) 46 S. W. 385. Estoppel may be interposed without pleading it. Johnson v. Byler, 38 Tex. 606; Ragsdale v. Gohlke, 36 Tex. 286; Guest v. Guest, 74 Tex. 664, 12 S. W. 831; Mayer v. Ramsey, 46 Tex. 371. It may be applied defensively for the purpose of estoppel only, whether it be an equitable estoppel created by the laches of the plaintiff, their conduct, or in some other way, but cannot be used at law affirmatively. As the appellant's defense under his plea is based upon an equitable title, leads us to define it:

"An 'equitable title' is not a title, but is a mere right in the party to whom it belongs to have the legal title transferred to him. Thygerson v. Whitbeck, 5 Utah, 406, 16 Pac. 403, 404."

"Texas has never recognized law and equity as constituting distinct branches of jurisprudence. Its courts administer legal and equitable rights without regard to form. Smith v. Doak, 3 Tex. 215. Except where controlled by legislation, the courts devise their own procedure, adopting common-law and equity forms where convenient and in harmony with their own established practice. Seguin v. Maverick, 24 Tex. 526, 76 Am. Dec. 117, 30 Am. L. Rev. 813; Hepburn, Dec. Code Pl. § 174."

"When the equitable title rests upon an executory contract of purchase which has not been completely performed by the purchaser, his title depends upon his right to possession under the contract."

[6] Instead of the executory contract for the sale of the land, showing a completed contract, executed in full, it showed it had only been partially performed when suit was brought. If appellant had brought the suit for specific performance in the first instance, his contract should have possessed the essentials of a binding obligation at law and be a concluded contract in order to be enforceable in equity, sufficiently definite and certain within itself.

[7] "The jurisdiction of a court of equity to decree the specific performance of contracts is not a matter of right in the parties to be demanded ex debito justitiae, but applications invoking this power of court are addressed to its sound and reasonable discretion, and are granted or rejected according to the circumstances of each case. Specific performance is frequently refused, although the defense is not such as would warrant the rescission of the contract as the suit of the defendant. * * * The exercise of such discretionary powers by a court of equity

is so far from being an objection, that it lies at the very foundation of all equity, and forms its most peculiar and excellent characteristic, as contradistinguished from the strict, precise and unyielding principles which govern in the courts of common law."

Of course such a discretion cannot be capriciously and arbitrarily used.

[8] These observations are to illustrate some of the difficulties that would have beset the appellant had he brought the suit. Very definite allegations are likewise required when made defensively to support performance. Depending upon such claimed rights and equities used defensively to defeat the entry, what kind of a decree could be entered upon a plea of not guilty, for in such a case full and complete relief must be administered to both parties, which could not be done without proper pleadings.

The trial court, under the views he held of the law, refused to allow the appellant to introduce all his evidence which appellant insists would show him entitled to the specific performance of the contract, notwithstanding the trial court was of the opinion that he had not properly and specially pleaded his defenses.

[9, 10] Briefly stated, the contract offered by appellant provides for the exchange of lands and the exchange of titles and the assumption of liens by each party and to cause the release of certain outstanding liens by appellant. It is not contended the contract was complied with in all its terms, for appellant admits he was unable to procure the deed for the 160 acres of land called for belonging to his stepson, but agreed to substitute a 160-acre tract belonging to them, and by subsequent oral agreement the Green 160 acres were eliminated and his daughter's land was substituted, which varied and changed the contract, and by this subsequent verbal contract whereby he was to convey his daughter's land instead of the Green tract, appellant concluded was a compliance with the original contract of purchase. It also appeared that appellant's lands were mortgaged and the abstracts with the various loan companies and held by them in Oklahoma. That there was a judgment of $123 against the land, but that appellee was to look after the corn belonging to this daughter and with it pay off the judgment. There were defects is his title to be cured, and there were outstanding oil leases on the land to be released, but were subsequently procured by him and presented on the day of trial, and that was all that was ever done to perfect the title. Title to land acquired by plaintiff during a trial for its recovery held not available where not set up by supplemental petition. Matula v. Lane (Tex. Civ. App.) 56 S. W. 112. We see no reason why the same rule would not apply to appellant who acquires the releases of liens,

after the institution of the suit for the recovery of land, and offered on the day of the trial as a part performance of some of the obligations imposed by the very contract itself. For illustration, suppose appellant had filed an original suit or a cross-action for the specific performance of the contract which he had breached and failed to comply with its terms, he would not be allowed, without some pleading, to show that he had thereafter acquired the outstanding liens, clouds upon the title, before he be allowed to produce them on the day of trial. The same rule will be applied against him here on his defense. As said in Fleming et al. v. Ball et al. (Tex. Civ. App.) 60 S. W. 985, in such cases "whoever showed the superior legal title to the land was entitled to a judgment." That is especially so when the defense is based upon an equitable title not pleaded. Fuller v. O'Neil, 69 Tex. 349, 6 S. W. 181, 5 Am. St. Rep. 59; Perego v. White et al., 77 Tex. 199, 13 S. W. 975; Matthews v. Moses, 21 Tex. Civ. App. 494, 52 S. W. 113; Rippetoe et al. v. Dwyer, 49 Tex. 506; Ayres v. Duprey, 27 Tex. 604, 86 Am. Dec. 657. Whenever the court lays down the rule as appellant contends for, that an equitable title may be shown to defeat the recovery under a plea of not guilty, it is meant that such a right is so complete as to require little else to be done and rises to the dignity of a title.

We do not think the case cited by appellant of Manton v. City of San Antonio (Tex. Civ. App.) 207 S. W. 951, is in point. This was a suit by way of injunction where different pleadings are provided for. It was to prohibit the construction of a street. The deed was given and placed in escrow, delivery conditioned upon the widening of a certain street within two years, and upon breach the title was to revert to the grantor. The cash consideration for the land was paid, and he was "fully compensated for all property used by defendant in widening the two streets." This opinion is interesting both upon the question of escrow and conditions. We quote from it as follows:

"If there had been no delivery of the deed to the bank to be held as an escrow, the law as to conditions subsequent would undoubtedly be applicable, and a substantial compliance with the terms of the condition would satisfy the law and prevent a forfeiture of the title. The law, much less equity, does not favor forfeitures, but, in the case of conditions precedent, it will not permit the title to pass until the condition is performed. Conditions subsequent are strictly scrutinized and rigidly construed. In cases of conditions precedent, however, it is ordinarily the case that the purchase money has not been paid and no title vested, and this is especially the case in connection with conditions precedent which are usually contained in escrow deeds."

[11] It cannot be denied when deeds and contracts in respect to title to lands are placed in escrow, providing for the delivery thereof upon the performance of the terms of the agreement of the escrow, the title will pass regardless of whether the deed has been delivered or not. Ketterson v. Inscho, 55 Tex. Civ App. 150, 118 S. W. 627. Nor do we think the case cited by appellant of Simpson v. Green (Tex. Com. App.) 231 S. W. 375, is applicable. We find no case of McDonald v. Whaley, 234 S. W. 576, cited by appellant reported in that volume. However, appellant says the two last-named cases are cited for the reason the original written contract provided no escrow agreement but was accomplished by subsequent parol agreements, accompanied by the deposit of the deeds.

[12, 13] In order to make an escrow agreement, it must be participated in by both parties, to meet the requirements of mutuality. "An escrow differs from a deed in one particular only, and that is the delivery. * * * Not only must there be sufficient parties, a proper subject-matter and a consideration, but the parties must have actually contracted. * * * The actual contract of sale on the one side, and of purchase on the other, is as essential to constitute the instrument an escrow as that it be executed by the grantor; and until both parties have definitely assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow; and it makes no difference whether the instrument remains in the possession of the nominal grantor or is placed in the hands of a third person, pending the proposals for sale or purchase." Fitch v. Bunch, 30 Cal. 208, 212 (cited in Miller v. Sears, 91 Cal. 282, 285 27 Pac. 589, 590, 25 Am. St. Rep. 176).

The case of Simpson v. Green, supra, also gives a definition of an escrow agreement.

We have not been shown by the briefs of any of the parties any complete escrow agreement such as the law book defines. In appellant's brief it said "the undisputed facts of this case are that this deed to appellant was placed in escrow," and cites us to page 26 of the statement of facts, and there we find this testimony:

"I executed my deed to Mr. Imle. Those deeds were left in Mr. Carroll's possession. Mr. Weaver was not in the office that evening and they were left in his possession for safekeeping until the abstract of title could be furnished to the 160 acres of land up there belonging to my children. The balance of the title was accepted. The 290 acres had been accepted and passed on by Mr. Weaver and Mr. Carroll. That was my own land, and the title to the other land is now clear."

There is nothing here to show any escrow agreement whatever. An escrow agreement, like any other agreement, must be clear and definite. It must be entered into by and between the parties whose minds must meet

mutually on its very terms whether it be written or verbal.

Appellee has not briefed that question at all, and appellant cites us to no other testimony on the subject There was no judgment for rents below, nor any prayer for rents in appellant's brief.

In the state of this record, we are constrained to overrule the assignments and propositions of appellant for the reason they point out no reversible error, and affirm the judgment of the trial court.