### MOSLEY v. BLACK et al.

No. 4798.

Court of Civil Appeals of Texas. Amarillo.

Oct. 11, 1937.

Rehearing Denied Nov. 8, 1937.

Carl Gilliland and James C. Gilliland, both of Hereford, for plaintiff in error.

W. H. Russell, of Hereford, for defendants in error.

STOKES, Justice.

On February 16, 1933, a suit was filed in the county court of Deaf Smith county by the city of Hereford against Omer Baker for delinquent taxes alleged to be due the city for the years 1925 to 1932, inclusive, praying for judgment and foreclosure of its tax lien. On the same day an affidavit and bond in attachment were filed, the writ issued, and the constable was directed by those having charge of the city's suit to levy the attachment on certain restaurant furniture, fixtures, and equipment belonging to the defendant in that suit and located in a building in the city which belonged to plaintiff in error in this case, J. R. Mosley. Baker had operated the restaurant in the building for a number of years, and, shortly before the county court suit was filed, he leased the furniture, fixtures, and equipment to Mrs. Waldrip, who thereupon became the tenant from month to month of plaintiff in error, Mosley. The building was locked up by the constable, and shortly thereafter the keys were by him delivered to the attorney of record for the city. In May, 1933, the building was burglarized, and J. C. Mauk, the city marshal, placed more secure barricades and a new lock on the building in order to prevent further depredations. On the 1st of April, 1933, the writ of attachment was quashed, and in August following the county court suit was dismissed on motion of the plaintiff city.

Soon after the suit in the county court was dismissed, the constable and defendant in error, Black, mayor of the city, and the attorney who filed the suit on behalf of the city, tendered the keys of the building to Omer Baker, the defendant in that suit, and the record shows that on several occasions prior to the filing of this suit they attempted to deliver the keys to Baker and plaintiff in error, Mosley. Neither Baker nor Mosley would accept the keys, and the furniture, fixtures, and equipment belonging to Baker remained in the building until September 16, 1934, when they were delivered to plaintiff in error and the furniture, fixtures, and equipment were removed.

This suit was filed in the district court by plaintiff in error on July 16, 1934, in the statutory form of trespass to try title against defendant in error E. B. Black and the city of Hereford, a municipal corporation, and, in addition thereto, the facts pertaining to his right to recover, substantially as above detailed, were alleged, and it was also alleged that defendants in error had retained and held possession of the building, which was of the reasonable rental value of $50 per month. He prayed for title and possession of the building and premises and for damages and costs of suit.

The defendants in error on August 9, 1935, filed an answer which consisted of a general demurrer and a plea of not guilty of the wrongs and trespasses complained of. They further alleged the facts concerning the possession of the keys and their efforts to deliver them back to Baker and plaintiff in error, and denied responsibility for the acts of the constable in retaining possession of the furniture, fixtures, and equipment and the building after the suit in the county court had been dismissed.

The case was tried before a jury and submitted upon two special issues, the first submitting the question of whether or not defendant in error Black instructed the constable to lock the doors of the building, to which the jury answered in the negative, and the second submitting the question of

the rental value of the building during the period from the date of the attachment levy to the 16th of September, 1934, which the jury found to be $40 per month, which would make a total sum of $740. Both parties filed motions for judgment on the verdict of the jury, and on the 15th of August, 1935, the court granted the motion of defendants in error and rendered judgment that plaintiff in error take nothing by the suit and pay the costs.

Plaintiff in error excepted to the judgment, gave notice of appeal, and has duly perfected writ of error to this court.

The case is presented here upon two assignments of error, both raising substantially the same question, which, in effect, is that, the suit being one in trespass to try title and the defendants in error having answered by a plea of not guilty, the uncontroverted evidence showing and there being no question raised as to plaintiff in error's ownership of the land, and there being no special facts pleaded by defendants in error which would defeat plaintiff in error's right to recover rents as damages, and the jury having found the rental value of the premises to be $40 per month, the trial court erred in rendering judgment against plaintiff in error.

■ Article 7374, Revised Civil Statutes 1925, provides that a plea of not guilty in a suit of trespass to try title shall be an admission by the defendant, for the purpose of the action, that he was in possession of the premises sued for, or that he claimed title thereto at the time of the commencement of the action, unless he states distinctly in his answer the extent of his possession or claim, in which case it shall be an admission to such extent only. Defendants in error did not avail themselves of the right which they unquestionably had to file a disclaimer instead of an answer and plea of not guilty. By filing such an answer defendants in error, in effect, admitted that they were in possession of the premises described, and it therefore became unnecessary for plaintiff in error to prove that fact. As the trial progressed, defendants in error sought to relieve themselves of responsibility for the injuries and damages that had accrued to plaintiff in error by showing that they were not responsible for the acts and conduct of the constable in retaining possession of the property after the suit in the county court had been dismissed and the attachment quashed. It is difficult to conceive how they could relieve themselves of this responsibility. They had filed the suit in the county court, sued out the attachment, and caused the levy to be made. After the property was levied upon by the constable, it was obviously necessary that it be kept and preserved so as to be available at the termination of the suit. If the suit had proceeded to judgment and defendants in error had recovered judgment foreclosing their alleged tax lien and the attachment lien, the expenses of storing and preserving the property would have been proper items of costs in that suit to be paid out of the proceeds of the sale of the property. Instead of proceeding to judgment, however, the attachment was quashed and the suit dismissed. It then became the duty of defendants in error to restore the property and pay the expenses of its preservation and keep. If, in doing this, they permitted the property to remain in storage in the building belonging to plaintiff in error, although the constable was directly in charge of the restaurant fixtures and building in which he had them stored, we do not see how defendants in error could escape responsibility for the expenses which he incurred in discharging this duty. Moreover, it was the duty of defendants in error to restore the property and the premises at the earliest possible time. Not having done this, but having permitted the property to remain in the building of plaintiff in error until the 16th of September, 1934, their responsibility continued until that time.

■ It is a general rule that the plaintiff in attachment is liable for the damages to attached property occasioned by the wrongful or negligent acts of the sheriff if the attachment was wrongfully sued out. Farrar v. Talley, 68 Tex. 349, 4 S. W. 558; Frank v. Tatum (Tex.Civ.App.) 26 S.W. 900; McFaddin v. Sims, 43 Tex. Civ.App. 598, 97 S.W. 335.

By analogy, if in such case the attaching creditor is liable to the defendant for damages that may accrue to the attached property by the negligence of the sheriff, a fortiori he would be liable to a third person whose property had been utilized by the sheriff in preserving property which was the subject of the attachment.

■ If the attachment is abandoned and dismissed, the plaintiff cannot escape liability except by restoring the property to its rightful owner, and, if he fails to do this, he is liable to the owner for any damages that may accrue by virtue of his fail-

ure to do so. Frank v. Tatum, supra; Roberts v. Randolph, 17 Ark. 435.

We revert to the question of whether or not, by filing a plea of not guilty, defendants in error admitted their possession of the premises. Under the statute above mentioned, the courts have consistently held that the filing of such plea is, in effect, a waiver of any other plea which has a tendency to deny possession. Ingram et al. v. Walker, 7 Tex.Civ.App. 74, 26 S. W. 477; Tanner v. Imle et al. (Tex.Civ. App.) 253 S.W. 665; Central City Trust Co. v. Waco Bldg. Ass'n, 95 Tex. 48, 64 S. W. 998; Miller v. Knowles (Tex.Civ.App.) 44 S.W. 927, 929.

In the case last cited, the Court of Civil Appeals, through Justice Hunter, said: "One of the purposes of the action was to recover rents. The plea of not guilty, without any modification as to the extent of defendant's possession or claim of title, admitted his actual possession of the premises as described in plaintiff's petition, and as sued for; and hence no proof of actual possession was necessary. It only remained for plaintiff to prove the value of the rents, which was fully done. If there were any reasons why the defendant should not be liable for the rents, he should have set them up in his answer. He might have disclaimed as to possession, and limited his plea of not guilty to the issue of title only, and thus his answer would not have been an admission of possession, but only an admission that he claimed the title to the land; and in such case no rents could be recovered without proof of actual possession by the defendant."

As the case is presented here, the plaintiff in error sued in trespass to try title and the defendants in error answered by admitting they held possession of the property. No question is raised as to the ownership by plaintiff in error of the property for which he sued, and no right to possession, either past or future, without paying rent, was alleged or proved by defendants in error, hence it would follow that plaintiff was entitled to judgment for the rents.

Defendants in error take the position that the only issue in the case was whether or not Black instructed the constable to lock the building and that, this issue having been answered by the jury in the negative, they were entitled to judgment. We cannot assent to this assertion. It would make little difference whether Black instructed the constable to lock the building or not. The building was utilized by the constable for the preservation of the property which had been levied upon by him under direction of defendants in error. Its preservation was essential to their suit. If they had procured judgment, it was necessary, that the property be preserved in order that they may collect the judgment after it had been procured. In that event the rental of the building would have been paid out of the proceeds of the sale of the property. The suit having been dismissed by them and they having permitted the constable to retain the furniture, fixtures, and equipment, and retain possession of the building, we know of no way by which they could relieve themselves of responsibility.

Even if the defendants had availed themselves of their right to file a disclaimer instead of a plea of not guilty, their situation would not have been changed in any respect, for the reason that all the facts showed, without controversy of any kind, that possession of the building was retained by the constable during the period for which the rental accrued. If they had filed a disclaimer, these facts would have been the same, and under the facts, regardless of what may have been the nature of the answer filed by them, plaintiff in error would have been entitled to a judgment for the rental that had accrued on his building during its occupancy by the constable for the purpose of preserving the property levied upon in the attachment suit.

From what we have said it is obvious that in our opinion the trial court erred in rendering judgment for defendants in error. The case seems to have been fully developed on the trial, and we conceive of no purpose that could be served by remanding it for another trial. It is ordered, therefore, that the judgment of the trial court be reversed and judgment will here be rendered that plaintiff in error recover the amount of his rents as found by the jury for the period during which the building was held for storage of the property attached in the county court suit, together with the costs of the court below and of this court.