THE MARTIN BROWN COMPANY v. MAGGIE S. PERRILL ET AL.

No. 6692.

1. **Production of Firm Books.**—A mercantile firm borrowing money belonging to the wife of one of its members, executed a note therefor to her husband as trustee. The firm failing, the wife sued the firm, attaching its goods. Other creditors intervened, seeking to defeat her attachment. There was no evidence of a conspiracy between plaintiff and the members of the firm against the rights of the intervenors. On the trial a member of the firm, called as a witness, was asked by the intervenors to produce the books of the firm. He refusing, the court sustained his refusal. *Held:*

1. The transactions of the firm were not evidence against plaintiff as declarations in her behalf or by her agents.

2.   There being no evidence of conspiracy, the books were not admissible as declarations of one of several parties in furtherance of a common design.

2.   **Argument of Counsel.**—The court having excluded from evidence the *firm books*, argument of counsel upon their nonproduction was properly prevented.

3.   **Estoppel—Trust.**—Certain bonds devised the wife were sent to her.   The husband sold them, obtaining therefor a note for her use, payable to himself as her trustee, and signed by a firm of which he was a member.   The wife's efforts to secure the money by attachment were resisted by subsequent creditors of the firm.   *Held*, that they were estopped to deny the trust relation of the husband in the transaction.

4.   **Right to Sue.**—Money the separate property of the wife was loaned to a firm and was used in its business, of which firm the husband was a member.   It being necessary to protect her interest that legal proceedings be taken, such proceedings could be taken by the wife alone and against the firm.

5.   **Trust Estate—Protection of.**—That the estate or interest in the fund sued for held by the wife may have been but the right to use the income for life would not be an obstacle to her suing.   The court, if necessary, could direct the fund to be paid to a bonded trustee to secure the disposition of it under the trusts following it.

6.   **Interest upon Wife's Separate Money.**—See facts where it was held that the wife was entitled to recover a judgment for the principal and interest upon her funds loaned to a firm of which her husband was a member.

7.   **Legal Proceedings Hindering Other Creditors.**—Legal proceedings called for by the circumstances, but having the effect of hindering and delaying other creditors, are not voidable by them, provided such proceedings were taken merely to secure the debt of the plaintiff.

8.   **Charge of Court.**—See charges properly refused, which were requested by intervenors seeking to avoid attachment proceedings taken by the wife against a firm, her husband being a member; charges held indefinite and misleading.

9.   **Usury.**—No defense of usury having been interposed, defendants can not avail themselves of testimony to the fact.   Rev. Stats., art. 2981.

10.   **Stipulated Attorney Fees.**—Such fees become part of the debt and are subject to only like defenses.

11.   **Verdict Sufficient.**—"We the jury render a verdict in favor of plaintiff" held sufficient to support a judgment where defendants interposed no defense, but made attacks upon the case of plaintiff, the points of attack having been submitted in the charge of the court to the jury.

APPEAL from Hill.   Tried below before Hon. J. M. Hall.

The opinion states the case.

*Wray & Stanley* and *B. D. Tarlton*, for appellant. — 1.   In a suit by creditors to remove fraudulent encumbrance upon property of the debtor, that the same may be subjected to their demands, all the parties to the alleged fraud being before the court, the court may compel the production of documentary evidence in the possession of either party to the transaction whenever same would tend to explain or indicate the intention of the parties.   Bump. on Fraud. Con., 550; Field v. Zaminsky, 9 Ill. App. Ct., 479; Amey v. Long, 9 East, 473; Carsen v. Dubois, 1 Holt N. P., 239; 3 Chitty Pr., 433; Gould v. McCarty, 1 Kern., 575.

2.   A party to a suit is entitled to have brought before the court any evidence that will tend to establish his cause or weaken that of his adversary, and the court can compel their production.

3. Acts and declarations of one of several parties acting together for a common purpose are admissible against all, whether present or not. Bump. on Fraud. Con., 546.

4. The failure of a party to produce evidence accessible to him to explain or rebut circumstances of suspicion, or which is cumulative to that already given, will raise a presumption against him, and counsel may comment thereon. Bailey ·v. Hicks, 16 Texas, 229; Gray v. Burk, 19 Texas, 228.

5. Where devise is to one for life, with power to appoint one or more of a class of persons, such as children or descendants, a failure to exercise such power will not render the devise void as to such class, but they will take equally. Perry on Trusts, sec. 250, *et seq.;* White's Trust, 1 Johns, 656; Collins v. Carlyle, 7 B. Mon., 14; Brown v. Higgs, 8 Vesey, 574; Harding v. Glyn, 1 Atk., 469.

6. Reservations or limitations of a use, or property by way of condition, reversion, remainder, or otherwise, are valid and not within the statute of frauds requiring registration, and the reversion or remainder man can maintain an action to protect his estate. Lott v. Bertrand, 26 Texas, 654; Wallace v. Campbell & Maxey, 53 Texas, 229; Gamble v. Dabney, 20 Texas, 69.

7. A trustee under a will can not relinquish his trust, even by consent of a married woman who is a beneficiary. Perry on Trusts, secs. 268, 269; Brennan v. Wilson, 71 N. Y., 506.

8. Even if the bonds or their proceeds were the separate property of the wife, the interest promised for the use thereof and the attorney fees stipulated to be paid as a penalty are community property. Braden v. Gose, 57 Texas, 37; Smith v. Bailey, 66 Texas, 553; Epperson v. Jones, 65 Texas, 425.

9. Husband and wife can not by agreement change character of community property so as to make it the separate property of the wife as against creditors of the husband who have no other fund out of which to realize their demands, whether such creditors be antecedent or subsequent. Green v. Ferguson, 62 Texas, 525; Cox v. Miller, 54 Texas, 16.

*S. C. Upshaw, Jo Abbott, McKinnon & Carlton,* and *J. G. Abney,* for appellee Maggie S. Perrill. — 1. Any entry made in the books of Perrill & Fox by them would, as to Mrs. Perrill, be a transaction had between other parties, and therefore not admissible as against her in the absence of some evidence connecting her with a knowledge of such entries; and it follows that there was no error in the court not permitting counsel to comment upon the nonproduction of said books.

2. Whether the title of the wife to property be legal or equitable, or her interest in the same be absolute or conditional, or whether the said property be devised to her directly or to her through the intervention of

a trustee, or whether her interest in the same be that of a mere use or an absolute ownership, all property owned or claimed by the wife before marriage and that acquired after by gift, devise, or descent is her separate property. Rev. Stats., art. 2851.

3. If the trustee invests the trust fund or its proceeds in other property, the *cestui qui trust* may follow the fund into the new investment so long as she can identify the same as being made with the trust property or its proceeds, and this although the trustee may have taken the title in his own name or in the name of any other person with notice. Kennedy v. Baker, 59 Texas, 162.

4. Subsequent attaching creditors can not take advantage of any informality or irregularity in the manner of the bringing of the suit by a prior attaching creditor, or of any other irregularity in the proceedings. Nenny v. Schluter, 62 Texas, 328.

5. It is immaterial whether the court construed the will of Pearson or not, as applied to the facts of this case, because whether construction be put upon the devise of Maggie S. Perrill, as contained in the will, the intervenors can not be benefited. Rev. Stats., art. 2851; Guest v. Ryan, 16 Texas, 594; Morris v. Leona, 62 Texas, 35.

6. The wife's separate property being liable for attorney fees to protect the same, she has the right to provide in a note for the loan of her separate money for attorney fees, and in case of a suit she has the right to collect the same. Grant v. Whittlesey, 42 Texas, 320.

GAINES, ASSOCIATE JUSTICE.— Maggie S. Perrill brought this suit against W. M. Perrill and P. F. Fox, partners doing business under the firm name of Perrill & Fox, to recover the amount due upon a promissory note executed by them to W. M. Perrill as her trustee. W. M. Perrill is her husband. She also caused a writ of attachment to issue and to be levied upon a stock of goods belonging to the defendants. The goods were sold as perishable property, and the proceeds paid into court to await the determination of the suit. The appellants, the Martin Brown Company and Mandeville, Boling & Traylor, being creditors of the firm, also brought suits on their debts, and caused attachments to issue and to be levied upon the stock of goods attached by Mrs. Perrill. Having obtained judgments on their respective claims, they intervened in this suit, alleging that the attachment of Mrs. Perrill was in fraud of their rights, and praying that the fund paid into court as the proceeds of the sale of the goods attached be appropriated to the payment of their demands. There was a verdict and judgment against them, and they have appealed to this court.

The grandfather of Mrs. Perrill died in North Carolina, having bequeathed to her a share of his estate. That bequest was contained in the following provision of the will: " The residue of my estate to be distributed according to law. The share of Maggie Bullock to be secured to her

for life, with power to give it to her children, if any; if none, then to give it to any of my descendants she may see proper." The Maggie Bullock named in the will is the appellee, Mrs. Perrill. The executor of the will having on hand certain bonds amounting to $6000, a part of her distributive share of the testator's estate, transmitted them to W. M. Perrill, her husband, who agreed to hold the fund as her trustee, and gave bond to the executor to secure a faithful administration of the trust. The bonds were subsequently sold and the proceeds loaned to Perrill & Fox. On the first day of June, 1886, for the principal and interest due on this loan, they executed the note upon which this suit was brought. It was payable to " W. M. Perrill, trustee for his wife."

We think the court did not err in refusing to compel the defendant Fox while on the stand to produce the books of the firm which showed the partnership indebtedness in December, 1884. The controversy in the case was between Mrs. Perrill (the plaintiff) and the intervenors. The books of Perrill & Fox, though they may have been used as evidence against them upon any issue to which the entries thereon would have been relevant, were not evidence against her. They could not have used the books to defeat her action; nor do their creditors in a suit of this character occupy any better position. It seems to be complained that there was a conspiracy between the plaintiff and the defendants to defraud the creditors of the latter, and that therefore the acts and declarations of each of these parties were evidence against the other. The effort of the intervenors was to establish such conspiracy; but there was no evidence adduced sufficient to authorize the court to determine even prima facie the existence of any such conspiracy in January, 1884. Such proof was a necessary predicate to the introduction of evidence of the acts or declarations of the defendants against the plaintiff.

The court having properly refused to require defendant Fox to produce the books of his firm, it was not error to restrain counsel for intervenors from commenting upon the failure to introduce them in evidence in his argument to the jury.

We do not consider it necessary to determine the legal effect of the clause in her grandfather's will under which the plaintiff claimed the fund which was lent to defendants. Her husband received the bonds and sold them as her trustee, and of him as her trustee they were borrowed by the partnership of which he was a member. The defendants are clearly estopped to deny the trust. Portis v. Cummings, 21 Texas, 265. It is true that if the money had been lent by her husband as her trustee to third parties he would have been the proper party to bring a suit for its recovery in the event of a default in the payment of the debt. But in this case, he being the payee of the note, and the firm of which he was a member being the makers, we think that when suit became necessary to secure the debt the wife had the right to bring it in her own name. She was the sole existing

beneficiary of the fund; the defendants had expressly agreed to repay it for her use. If the husband as her trustee could have sued his firm for the recovery of the debt, it would have been unreasonable to require her to await his action when it became evident that the firm was insolvent and there was danger of losing the fund. Under such a state of facts a rule which would deny her the right to sue for and recover the money would be an anomaly in our system of jurisprudence, in which legal and equitable demands are enforced through the same methods of procedure. It may be that the money should not be paid into her hands, but this should be no obstacle to her prosecuting the case to judgment. The court in exercise of its equitable powers has authority to direct that it shall be paid only to a trustee who shall have given bond to secure the administration of the fund in accordance with the terms of the bequest.

Appellants insist that the judgment is erroneous in so far as it allows plaintiff a recovery for the interest on the money derived from the sale of the bonds. It is settled law in this State that interest derived from a loan of money the separate property of the wife belongs to the community estate. Braden v. Gose, 57 Texas, 37. It is contended that the rule applies in this case and that the interest was community property of Perrill and his wife and subject to the payment of his debts, and that therefore there should have been no recovery for the interest as against his creditors. The court concurs in the opinion that appellants' contention can not be maintained, and we agree substantially in the result that the judgment is in this particular correct. As to the grounds of that conclusion we are not in accord. One opinion is that it is the income and not the corpus of the fund that was bequeathed to the plaintiff by her grandfather, and that therefore the interest on the money comes literally within the definition of separate property as given in the statute— that is to say, that the income of the fund is acquired directly "by devise." Rev. Stats., art. 2851. The other opinion is that when the husband borrows the money of the wife and agrees to pay her interest the effect of the contract is to make the interest her separate property. Hall v. Hall, 52 Texas, 294. When the note was given upon which this suit was brought, the debts due to intervenors did not exist, so that the immediate rights of creditors are not involved in the question.

The court charged the jury, in effect, that if the consideration of the note sued on by plaintiff was the community property of herself and husband, or if the debt was fictitious, they should find for intervenors. The jury were further instructed, in substance, that if the debt upon which the suit was brought was real and belonged to the plaintiff as her separate property, and that if the attachment was sued out not only for the purpose of collecting the debt but also with the intent to hinder, delay, or defraud the creditors of Perrill & Fox, they should also find for intervenors. In these instructions there is nothing of which appellants

have the right to complain.   Nor is there any omission which rendered the additional charges asked by them and refused by the court either necessary or proper.   The proposition in the fourth special instruction refused by the court, that if the plaintiff "used or permitted said note to be used as a means of hindering, delaying, or defrauding the creditors of Perrill & Fox,   *   *   *   and that plaintiff knew that such note was so used or about to be used, or had knowledge of facts sufficient to put her or the person acting for her upon notice of such use," then that the jury should find for intervenors, was calculated to mislead the jury.   In view of the proportion between the amount of the claim and the value of the defendant's assets a necessary effect of the suing out of the attachment and the levy upon the stock of goods was to hinder and delay other creditors of the firm.

In Blum v. Schram, 58 Texas, 524, it was held that a debtor may confess a judgment in favor of his creditor, provided the purpose was merely to secure the debt and not to defraud other creditors.   The charges which were approved in that case gave the jury distinctly to understand that the mere fact that the confession of judgment tended to delay other creditors would not avoid the judgment, provided the intent was merely to secure the debt.   A charge in any such case which does not clearly present this distinction is misleading and should not be given.

The fifth special charge asked by intervenors was also properly refused. It is as follows:   "The jury are instructed that it is not enough that plaintiff should have a valid demand against Perrill & Fox, and a right to sue and attach thereon as against them, but she must in the collection of her said demand so act as not to unjustly or wrongfully injure the rights of other creditors, or to wrongfully hinder, delay, or defraud them in the collection of their demands.   If then you believe from the evidence that plaintiff in person or through her said husband employed counsel in this case to institute suit against Perrill & Fox and to sue out a writ of attachment with intent to levy same upon partnership property of Perrill & Fox, and that she did sue out and levy said writ upon the said property at the request, instigation, or for the benefit of said Perrill & Fox, or either of them, and that plaintiff or the person acting for her at the time knew that she would thereby obtain an unjust preference over the other creditors of Perrill & Fox, and enable her to carve out of the partnership property of said Perrill & Fox more than sufficient to pay her debt, or to enable them to hinder, delay, or defraud the other creditors of Perrill & Fox, or any one of them, the preference lien they acquire will be void as to such creditors, and you will find for intervenors."

Much of this instruction, we think, was calculated to mislead the jury. The proposition that plaintiff in suing out her attachment must "so act as not to unjustly and wrongfully injure the rights of other creditors," etc., is objectionable, because the jury were left to conjecture what she might

lawfully do. The meaning to be given to the words "unjustly and wrong-fully" is not defined. The charge would also have authorized the jury to find the attachment void if they believed that defendant Perrill placed the note in the hands of the attorney for collection, contemplating that an attachment would be sued out to secure it, and if they also believed that the attorney knew that the procedure would result in a sacrifice of the partnership property. What meaning could have been given to the phrase "and enable her to carve out of the partnership property of Perrill & Fox more than sufficient to pay her debt" other than this we do not see. The goods were sold and the proceeds paid into the hands of the clerk of the court, and there was no evidence that anything else was contemplated. She could only get in any event the amount of her debt. If, as seems to us, the phrase was calculated to convey to the minds of the jury the idea that the fact that the attachment was likely to result in a sacrifice of the property of the defendants constituted either of itself or in connection with other facts a ground for holding it void, it was clearly improper. If it did not mean this it had no applicability to the evidence, and for that reason the charge was properly refused.

It is further complained that the court erred in instructing the jury, in the event they found for plaintiff, to find for her not only the principal of the note, but also interest and attorney fees. The evidence showed that the money was originally loaned at a usurious rate of interest, and there is no question but that if the defendants had filed a plea of usury verified by affidavit that plea should have prevailed. Waiving the question whether intervenors could have availed themselves of this defense, it is sufficient to say that they did not plead it. The defense of usury must be interposed by special plea under oath. Rev. Stats., art. 2981.

The note stipulated that the makers should pay attorney fees in the event suit should be brought for the recovery of the debt. Upon the institution of the suit they became a part of the indebtedness. They were set up in the petition and included in the amount for which the writ of attachment issued. Why the plaintiff was not entitled to recover them, if she recovered at all, we do not see.

The verdict of the jury was as follows: "We the jury render a verdict in favor of plaintiff. [Signed] J. D. Kennedy, foreman." It is insisted that this verdict was not responsive to all the issues presented by the pleadings, and therefore did not warrant the judgment. The defendants interposed no defense to the action. The court in its charge, after stating the issues between the plaintiff and intervenors, instructed the jury, in effect, that if they found that the note sued on represented a real debt, and that it was the separate property of the plaintiff, and that the attachment was sued out for the purpose of collecting the debt, and not of delaying and defrauding creditors, they should find for the plaintiff. On the other hand, they were charged to find for intervenors if the debt

was fictitious, or did not belong to plaintiff, or if the attachment was sued out with intent to defraud creditors. In the light of these instructions, the meaning of the verdict is clear. It is a finding in favor of plaintiff against intervenors for the whole of the demand claimed in her petition, and that the writ of attachment was not fraudulently issued.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered May 6, 1890.