## GRAY v. CHEATHAM.
### No. 7717.

Court of Civil Appeals of Texas. Austin.
June 29, 1932.

W. Marcus Weatherred and Critz & Woodward, all of Coleman, for appellant.

Dibrell & Starnes, of Coleman, for appellee.

BLAIR, J.

Appellee sued appellant, S. H. Gray, administrator of the estate of F. C. Groves, deceased, for $4,700, as the reasonable value of her services for nursing and caring for the said F. C. Groves and his wife from July 1, 1928, to the death of Mrs. Groves, February 13, 1930, and to the death of Mr. Groves, January 27, 1931; or for 970 days at $5 per day, which was alleged to be the reasonable value of the nursing services rendered. The jury

found that $2,250 would "reasonably compensate plaintiff for the nursing services rendered," and judgment was accordingly rendered for appellee; hence this appeal.

In substance, appellee alleged that F. C. Groves employed her as housekeeper, first at $1 and later at $2 per day and board and lodging; and as nurse for his wife, an invalid, and himself, practically an invalid, agreeing to convey or leave by will his homestead if not all of his property to appellee, if she would nurse them until their respective deaths, as compensation for such nursing services; that she, in good faith and in compliance with the oral agreement, rendered the nursing services; that F. C. Groves failed to convey or leave by will the homestead or any part of the estate to appellee; and that because of the breach of his oral contract to do so F. C. Groves became liable to appellee for the reasonable value of the nursing services rendered.

█ The general demurrer and special exceptions to the petition that the contract alleged was within the statute of frauds (Rev. St. 1925, art. 3995), and that the petition did not sufficiently identify the property to be conveyed or devised to appellee, and that a part of the alleged services were shown on the face of the petition to be barred by the two-year statute of limitation (Rev. St. 1925, art. 5526), were properly overruled. The decisions in Stevens v. Lee, 70 Tex. 279, 8 S. W. 40; Jordan v. Abney, Adm'r, 97 Tex. 296, 78 S. W. 486; Raycraft v. Johnston, 41 Tex. Civ. App. 466, 93 S. W. 237; Von Carlowitz v. Bernstein, 28 Tex. Civ. App. 8, 66 S. W. 464; Henderson v. Davis (Tex. Civ. App.) 191 S. W. 358; Roberts v. Carlisle (Tex. Civ. App.) 287 S. W. 110, establish the rules controlling this case as follows:

[2, 3] (a) That although a parol contract for conveyance of land for services to be rendered may not be enforced, an action may be maintained to recover the value of services performed under it in good faith, and in reliance upon the oral agreement. (b) That the petition in the instant case specifically described the homestead promised to be conveyed or willed; but if it had not the petition is good under the allegation that the deceased promised to convey as remuneration for the nursing services a part if not his entire estate. (c) That the statute of limitation against the claims for such services does not begin to run until a renunciation of the agreement; or, as applied to this case, until the death of F. C. Groves revealed his breach of the oral agreement to remunerate appellee by leaving to her his home, or all of his estate.

Appellant's fifth proposition relating to improper argument of counsel for appellee presents reversible error. The material parts of the bill of exception read as follows:

"* * * While Mr. J. D. Dibrell, Jr., attorney for the plaintiff, was making his closing argument to the jury he stated to the jury in substance and effect that when the plaintiff offered her testimony as to what her contract and conversation was with the deceased, F. C. Groves, the defendant objected because the lips of the deceased were sealed; which said statement was made without any argument or statement on the part of the defendant's attorneys to call for or provoke the same and in this connection it is stated by the Court that when the plaintiff, Mrs. I. P. Cheatham, was on the stand as a witness in her own behalf, her attorneys representing her in said cause undertook and offered to bring out and prove by said witness, and interrogated her with reference to her conversation and agreements with F. C. Groves in reference to the matters sued on herein; to all of which testimony the defendant through his attorneys then and there objected on the ground that same was improper and incompetent as being an attempt to prove by plaintiff transactions and conversations of the plaintiff with the deceased; which objections were by the court sustained and the plaintiff excepted; and thereafter said argument and statement was made by the said attorney, Mr. J. B. Dibrell, Jr., and the defendant through his attorneys then and there excepted to the same."

█ Appellant requested the court to instruct the jury not to consider the argument and presented a written instruction requesting the court to so instruct the jury, which requests were refused. The remarks of counsel to the effect that defendant objected to appellee testifying as to what her contract and conversation with deceased was because the lips of the deceased were sealed, could have only meant to the jury that if permitted to testify, she would have testified to an oral contract with the deceased as alleged. Counsel was thereby able to get before the jury by argument evidence of appellee's transactions and contract with the deceased, which was improper and calculated to damage appellant. McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554.

██ Special issue No. 2 submitted to the jury reads as follows: "What amount of money will reasonably compensate plaintiff for the nursing services rendered F. C. Groves and wife?" Appellant objected to this issue because it did not present the proper measure of damages, that is, "the reasonable value of the services rendered." The objection should have been sustained. Appellee's petition alleged that she was entitled to recover the reasonable value of her services rendered, and that is the true measure of damages for a breach of contract to pay for services rendered where no agreement has been made as to the amount of compensation to be award-

ed. Appellee insists however, that the expression, "what amount of money would reasonably compensate plaintiff," was in effect the same as the expression, "the reasonable value of the services rendered." Reasonable compensation might include more than the reasonable value of services rendered. By reasonable compensation is meant what would reasonably compensate one for a particular service under particular facts; and what would be the reasonable value of the services rendered would be what was the reasonable price paid for such service or like service in the community where such services or like services were rendered.

■ Over appellant's objection appellee introduced the inventory, appraisement, and list of claims filed in the estate of F. C. Groves, deceased. This was objected to on the ground that it was prejudicial and threw no light upon the issue of the reasonable value of appellee's nursing services. We think the trial court erred in admitting this evidence. The estate is shown to have been valued at approximately $46,000. It was also shown that Groves and wife had no children, nor did they have any immediate relatives in Texas. Under these facts and circumstances in evidence the introduction of the appraisement, inventory, and list of claims was calculated to influence the jury to render a larger verdict for appellee. Appellee cites the case of Caulk v. Anderson (Tex. Sup.) 37 S.W.(2d) 1008, to the effect that the value of one's estate may be taken in consideration in fixing compensation for expert services of a surgeon in performing an operation upon such person. That case specifically excludes common labor from the rule, and the evidence in this case shows that appellee was not an experienced nurse, or if a nurse at all, was simply a practical nurse whose service could be performed by any other woman of like training and ability.

For the reasons stated, the cause will be reversed and remanded for a new trial.

Reversed and remanded.