## TALLABAS v. WING CHONG et al.
### No. 1229.

Court of Civil Appeals of Texas. Eastland.
Feb. 16, 1934.

Rehearings Granted April 6 and May 11, 1934.

Rehearing Denied June 1, 1934.

Charles J. Lieck and Wm. E. Calvert, both of San Antonio, for appellant.

Eskridge & Groce and Walter M. Groce, all of San Antonio, for appellees.

FUNDERBURK, Justice.

Jose Tallabas, individually, and as next friend for Maria Antoniatte Tallabas, his minor daughter, brought this suit against Wong Pan and Wong Poy (father and son) to recover damages for personal injuries to said child. The alleged injuries were inflicted by striking the child with an automobile belonging to Wong Pan and driven by Wong Poy, said owner being also in the car, together with two other men. The claim of liability was predicated upon negligence of Wong Poy in five respects, viz.: (1) That he "was operating said automobile at a negligent rate of speed"; (2) that he "negligently failed to keep a proper lookout"; (3) that he "failed to give the plaintiff Maria Antoniatte Tallabas any warning whatever"; (4) that he "failed to have said automobile under control, by reason of his not slowing down or stopping or turning aside in order to avoid striking the plaintiff Maria Antoniatte Tallabas"; and (5) that he discovered the perilous position of said child and thereafter could have avoided injury by the use of means at hand to slow down, stop, or turn the automobile aside, but "negligently failed to use such means at hand to slow down, stop or turn said automobile aside."

Defendants, by their pleadings, tendered issues of contributory negligence of both the child and her father in several different re-

spects. The jury, to whom the case was submitted on special issues, by their verdict found all issues of defendants' negligence in favor of the defendants, as likewise also all issues of contributory negligence. They further found that the injury was not the result of unavoidable accident, and that there were no damages.

From a judgment rendered in accordance with said verdict the plaintiff has appealed.

■ Appellant has briefed twenty-seven assignments of error. The twenty-eighth assignment, namely, "That the verdict of the jury is so contrary to the great preponderance of the evidence as to be manifestly unjust, and shows that the jury did not render its verdict on the evidence as admitted under the ruling of the court," is not briefed, although it is stated that same is adopted as a proposition. There is "no statement and/or argument" relating to the error thus attempted to be assigned. Such is one of the requirements remaining in force under the provisions of amended R. S. 1925, art. 1757 (as amended by Acts 1931, c. 45 [Vernon's Ann. Civ. St. art. 1757]).

■ It is unnecessary for us to consider assignments of error 1, 2, 16, 17, 18, 22, 23, 24, 25, and 27, because if error be conceded in the different matters complained of, it would not affect the correctness of the judgment rendered. In other words, they relate to issues of contributory negligence and/or damages which were rendered immaterial by reason of the jury's finding that defendants were not negligent in any of the respects averred. Miller v. Estep (Tex. Civ. App.) 5 S.W.(2d) 876.

Plaintiff Jose Tallabas testified that the automobile ran about 20 *yards* after striking the child. Also, that the child was about even with the *front* wheels of the car· in which he was sitting at the time. He had previously testified by deposition, which defendants introduced in evidence, to the effect that the car ran about 16 *feet* and the child was opposite the rear wheels of his car. In rebuttal he offered himself as a witness to testify that he did not in giving his deposition say that the car ran 16 *feet*, or that the child was opposite the *rear wheels* of his car, but that the interpreter through whom he testified must have made a mistake in translating his testimony. It occurs to us that this testimony, which was excluded, should have been admitted to the extent of permitting him to testify that he had said 16 steps, instead of 16 feet, and had said front wheels instead of rear wheels, in or-

der to support an inference of mistake on the part of the interpreter or notary. But the bill of exception does not show the materiality, if any, of these discrepancies. It was not contended the distance the car ran after striking the child was evidence upon the issue of excessive speed. Such possible inference was rebutted by the testimony of Tallabas to the effect that the car did not stop until he whistled, thereby excluding the idea that whether the car ran 16 steps or 16 feet it was because it could not stop sooner. It is our understanding that a bill of exception must set forth sufficient facts to show the materiality of testimony, the exclusion of which is claimed to be error.

■ When prior to the trial the depositions of Tallabas were taken, he prepared a plat to show the place of the injury and surrounding conditions. On the trial he offered the plat in evidence and it was excluded. It is contended that the plat was necessary to an understanding of his testimony given in connection therewith, and that the court erred in excluding it. We are inclined to the view that if the testimony had been developed with reference to the plat, and the plat was vouched for as correctly reflecting the situation of the accident and surrounding conditions so that same was necessary to make clear and certain the testimony, it would have been error to exclude it. We, however, fail to find any testimony which refers to, or depends upon, such plat. It seems that upon the trial Tallabas made a plat on the blackboard and testified in reference to that. One of his witnesses prepared a plat which appears in the statement of facts. It is, therefore, our conclusion that there was no error in excluding the plat in question.

■■ Propositions 6 to 14, inclusive, are each dependent for support upon an assignment of error, or a repetition thereof, to the effect that the court erred "in refusing to allow plaintiff to make any objections to the questions and answers" in the depositions of defendant Wong Pan read in evidence by the defendants. An objection performs a twofold function: (1) To prevent errors by directing the attention of the court to a particular act, ruling, or part of the proceeding with the suggestion that same is erroneous; and (2) to meet a condition precedent to the right upon appeal to complain of error in such act, ruling, or part of the proceeding. An act or ruling of the court consisting of overruling or sustaining of objections to the admission or exclusion of evidence is not in itself erroneous. The error, if any, is in admit-

ting evidence which in law is inadmissible, or excluding evidence which in law is admissible. The practice of addressing assignments of error to the admission of evidence, or the exclusion of evidence, rather than to the act of the court in overruling or sustaining objections, is one, we think, greatly to be commended. We do not believe any of the nine assignments of error in question can properly be regarded as specifically pointing out any error of the court in the admission of evidence. The absence of objections actually made to the admission of any of the evidence prevents a consideration of the legal admissibility of such evidence.

The question then is: Shall we consider whether the evidence was subject to the objections which the bills certify would have been made and overruled had the court not refused to permit appellant to make any objection whatever, as a part of the necessary means of determining if appellant was illegally denied the right to make objections? Without desiring to set a precedent, which may be regarded as authority that a question of the admissibility of evidence may be thus indirectly raised in such manner, we have decided to do so. The several questions and answers and objections thereto are as follows:

"Q. How fast were you driving? A. Oh, very slow, all time I make my boy go slow, you see. The little girl come over here to try to go back to father's car here, come out there (indicating).

"Objection: Irrelevant, immaterial and self-serving.

"Q. And your car came and hit her? A. She passed by here and made boy stop, and I say 'are you hurt', and she say 'no hurt nothing.'

"Objection: In part, not responsive.

"Q. I say, was she in front of your car, by the hood or by the radiator of your car, was she up there in front? A. About the fender.

"Mr. Groce: The left front fender? A. This side fender. She run too quick for my car to stop, I don't know if she fall down or my fender make her fall down, I don't know.

"Objection: In part not responsive, a conclusion, and self-serving.

"Q. Where were you looking? A. I don't know. I sit in car; the boy saw a little girl run out and stop, that is all. I see little girl lay down in front of car at bottom.

"Objection: In part, unresponsive.

"Q. He was not going 10 miles an hour? A. I think so, likee that, about 10 miles an hour. All time I owned the car I no let him go too fast.

"Objection: In part unresponsive, irrelevant, immaterial and self-serving.

"Q. All right now, come answer this question. Do you know if your son was looking ahead down the street where he was driving? A. Yes, he look ahead. I scared to killee somebody if he no do that.

"Objection: In part, unresponsive and self-serving.

"Q. How long did you stay there after the accident? A. Stay five or six minutes, that's all. She say 'no hurt.' I say 'you hurt, I take you hospital,' she say, 'no, I lucky,' that's all.

"Objection: In part not responsive.

"Q. Is it not a fact that you did not give your name and that right after the accident you went right off? A. Just gave the name and number and I go on then. She say 'no hurt', that's all. No think she say that; you go on So. Laredo and ask that fellow to come back over here tell you.

"Objection: In part, unresponsive, argumentative, voluntary statement of the witness.

"Q. Did your son turn to get out of the way of this car? A. No turn the car. He go slow and the little girl run and he stopped my car. She fall down here and maybe my side fender hit her, I don't know.

"Objection: In part, not responsive.

"Q. Did the father say anything? A. He don't know how to talk, nothing. I talked to the girl. She stand here like I tell you, and my boy make my number, my car number, and give to him and that's all and I asked the girl—

"Objection: In part, not responsive.

"Q. You offered to take her to the hospital, didn't you? A. She say 'no hurt', she say 'your car run little faster, killee me, I am lucky'. You no think so, you call up Wu. He going open store here now on So. Alamo.

"Objection: Leading and suggestive. Not responsive in part. Argumentative and irrelevant and immaterial.

"Q. Did you ask the girl if she was hurt or did Wu ask her? A. He askee girl. He talkee English more better than me, you see. He askee girl, 'You hurt?' She father no say nothing.

"Objection: In part, not responsive and unintelligible and ambiguous."

◼ The objections to the effect that the answers were not responsive to the ques-

tions were objections going to the manner and form of taking the depositions, and having presumptively been on file for a day or more (Houston, E. & W. T. Ry. Co. v. Lacy [Tex. Civ. App.] 153 S. W. 414) were required to be in writing. R. S. 1925, art. 3765; 15 Tex. Jur. p. 76, § 38. The same is true of objections on the ground that the answers were argumentative, ambiguous, leading, etc. None of the testimony, we think, was subject to the other objections made.

■ After the depositions of Wong Pan were read in evidence, appellant insisted upon placing him upon the stand for cross-questioning. The court denied this request and it is complained of as error. We do not understand that the court refused to permit appellant to examine said defendant. He only declined to have that done immediately after the depositions were read. In our opinion, this was a matter not reviewable, except upon a showing of abuse of discretion, which does not appear.

Appellant's nineteenth assignment of error, we think, presents reversible error. The depositions of defendant Wong Pan had prior to the trial been taken under an agreement that same could be used as evidence by either party, subject to legal objections. The trial court seems to have been of the opinion that as to such parts of the depositions as were offered in evidence by the defendants, the plaintiff could interpose no objections, but was bound by the answers. This was an erroneous view of the law, R. S. 1925, art. 3769; Reed v. Holloway (Tex. Civ. App.) 127 S. W. 1189; McCutchen v. Jackson (Tex. Civ. App.) 40 S. W. 177. It was stated in the presence and hearing of the jury, and objection made and exception taken to the court's so stating. The statement constituted a comment on the weight of the evidence. We must assume, we think, that the jury in passing upon and weighing the testimony regarded the plaintiff as bound by the answers of the witness. Sufficient of the answers have been detailed above to show the effect of such a suggestion. If the plaintiff was bound by said answers, then the jury could have rendered no other verdict than one acquitting the defendants of negligence.

For this error, the judgment of the court below must be reversed and the cause remanded, which is accordingly so ordered.

### On Rehearing.

■ In the original opinion we erroneously referred to the only assignment of error sustained as the nineteenth assignment of error.

It should have been the twentieth assignment of error, which reads as follows: "The court erred in stating in the presence and hearing of the jury that the plaintiffs were bound by the questions propounded by plaintiffs and answers given in the deposition of Wong Pan then being offered in evidence by the defendants." Consideration of appellees' motion for rehearing has convinced us that this assignment of error is not sufficiently supported by the record in that the bill of exceptions intended to supply the record pertaining to this assignment does not show that objection was made and exception taken to the particular action of the court which constitutes the subject-matter of the assignment of error. The bill shows that the action of the court to which objection was made and exception taken was not the making of a statement by the judge in the presence and hearing of the jury, but the refusal of plaintiffs' request "to instruct the jury that the deposition was that of the adverse party (defendant Wong Pan) and that the plaintiffs were not bound to accept the testimony of such adverse witness as true," etc. It thus appears that the bill of exception wholly fails to support the assignment of error. It does support assignment of error No. 21, which is as follows: "* * * the court erred in refusing to instruct, at the plaintiffs' request, the jury that the plaintiffs were not bound to accept such testimony of the defendant in the deposition as true." We cannot sustain assignment of error No. 21. Had the court given such instruction it would have been error, as same was upon the weight of the evidence. It was subject to the further objection that it was a special charge or instruction not proper to be given in a case submitted upon special issues. Standard v. Texas Pacific Coal & Oil Co. (Tex. Civ. App.) 47 S. W.(2d) 443. Something more was embraced in this request than a mere admonitory instruction or direction to the jury to disregard the judge's previous statement complained of in the twentieth assignment of error.

We have, therefore, concluded that the motion for rehearing should be granted, our former judgment reversing and remanding the case set aside, and that judgment should be rendered affirming the judgment of the court below, all of which is accordingly so ordered.

### On Second Rehearing.

In the original opinion we overruled, or held immaterial, or not sufficiently presented, all assignments of error, except one, which was sustained. Upon rehearing, in response

to motion of appellees, we concluded that we were in error in sustaining the single assignment, and affirmed the judgment. Appellant has filed a motion for rehearing which calls in question for the first time the correctness of our opinion in reference to the other assignments of error.

█ It is first insisted that we were in error in not sustaining appellant's assignment of error No. 26, under which was presented the contention that the trial court erred in permitting counsel for appellees to argue to the jury that he had repeatedly requested plaintiff's counsel to submit the minor plaintiff to a medical examination by a doctor of his choice at his expense, and that plaintiff's counsel had repeatedly refused to allow him to obtain such examination, so that the facts would be disclosed to the jury, and that the jury should draw their own inferences from such refusal. The bill of exception makes clear that all testimony tending to show that plaintiff, or counsel, had refused requests for such examination had been excluded. The argument complained of contained the statement of a fact namely, that repeated requests for such examination had been refused, which fact was not in evidence, but upon the proffer of same had been excluded. There can be no doubt, we think, that this was error.

In the first place, it is error to comment upon testimony which has been stricken out. Martin Brown Co. v. Perrill, 77 Tex. 199, 13 S. W. 975; Brackenridge v. Roberts, 114 Tex. 418, 267 S. W. 244, 270 S. W. 1001; Gray v. Cheatham (Tex. Civ. App.) 52 S.W.(2d) 762; McMahan v. City of Abilene (Tex. Civ. App.) 8 S.W.(2d) 554; Texas & N. O. Ry. Co. v. Bass (Tex. Civ. App.) 54 S. W. 172; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 24 S.W.(2d) 363.

In the next place, the argument, in addition to being a comment on the excluded evidence, included the statement of a fact not in evidence, and was erroneous, independently of the comment thereon. Same authorities as above.

The effect of the error cannot be said to be confined alone to the issue of damages. We cannot say that it may not have been appropriated by the jury to discredit the testimony of the witnesses for appellant on the issues of negligence.

We have also concluded that we were perhaps in error in holding harmless the refusal of the court to permit the witness Jose Tallabas to explain his testimony taken by deposition and introduced by the defendants wherein he had stated that the automobile which caused the accident did not stop until the child was even with the back wheels of the witness' car. He proposed to testify upon rebuttal that he had not so stated to the officer taking his deposition, but instead he had said "front wheels." We have concluded that it is not certain that the refusal of the court to permit this explanation may not have had a bearing on the question of the credibility of the witness.

The same is true of the excluded testimony in which he offered to show that his deposition had incorrectly stated that the car ran 16 feet after striking the child. He offered to testify that he had said "16 steps." We perhaps were unwarranted in saying that this could not have had any bearing upon the issue of negligence, and at any rate, the plaintiff was entitled to the testimony for the consideration of the jury in passing upon the credibility of the witnesses and the weight to be given their testimony.

For the reasons discussed, we have concluded that appellant's motion for rehearing should be granted, that our former judgment affirming the cause should be set aside, and that the judgment of the court below should be reversed and the cause remanded for another trial, all of which is accordingly so ordered.