## VETTER v. NICHOLSON.

### No. 8466.

Court of Civil Appeals of Texas. Austin.

April 28, 1937.

John C. Marburger and Moss & Moss, all of La Grange, for appellant.

C. C. Jopling, of La Grange, for appellee.

BLAIR, Justice.

Appellee Martha Nicholson sued appellant C. G. Vetter, as independent executor of the estate of Thos. Burton, deceased, upon an alleged breach of contract with Thos. Burton, deceased, by which he agreed to devise and bequeath all of his real estate and personal property in return for personal nursing services and care rendered and to be rendered to him by appellee; and in the alternative, appellee alleged that if she were mistaken as to an express contract to will her property to pay for her nursing services rendered, then deceased impliedly agreed to pay her for the services so rendered, and she sought to recover on a quantum meruit basis. When appellee announced ready for trial she elected to prosecute her alternative cause of action on a quantum meruit. The trial to a jury on special issues resulted in judgment for appellee against appellant as prayed, for $360; hence this appeal.

Appellant presents ten propositions, the following of which must be sustained.

■■■ The court instructed the jury as follows: "By preponderance of the evidence is meant the evidence submitted to you under rulings of the court and which you consider worthy of belief." While this error in definition of the term "preponderance of the evidence" might not, standing alone, require a reversal of the case, attention is called to it so that the court may give a proper definition on another trial of the case, which must be reversed on several other grounds.

In submitting each of the two special issues to the jury, instruction as to the preponderance of the evidence was not applied to the question, that is, the jury were not instructed to find from a preponderance of the evidence the issue submitted, but merely instructed to find from the evidence the issue submitted, thus the instruction on the preponderance of the evidence, if it had been correct, was useless, because it was not applied to the questions submitted.

■■■ By special issue No. 2 the jury were asked to answer the following question: "If you have answered the foregoing question 'Yes,' then state what you find to be reasonable compensation for such services."

Appellant objected to the issue, because it did not present the proper measure of damages. This court held in the case of Gray v. Cheatham, 52 S.W.(2d) 762, 763, that a special issue submitting "what amount of money will reasonably compensate plaintiff for the nursing services rendered" was objectionable as not presenting the proper measure of damages; the court holding, that "the reasonable value of the services rendered," as determined by what was paid for such services in the immediate locality, was the true measure of damages for breach of an implied contract for nursing services rendered. The charge in the instant case cannot be distinguished from that in the Gray v. Cheatham Case, and requires a reversal of the judgment.

In connection with the two special issues submitting appellee's cause of action, the court instructed the jury as follows: "If services are rendered to anyone, and that party accepts the services, it may be implied that a promise to pay reasonable compensation for such services, unless from all of the circumstances a different rule is implied."

■■■ This instruction was objected to because it constituted a general charge in connection with the submission of a case upon special issues. The rule is settled in this state that it is error to give a general charge in connection with the submission of a case upon special issues, and the charge given violates that rule. Article 2189, R.S. 1925; Humble Oil & Refining Co. v. McLean (Tex.Com.App.) 280 S.W. 557; Western Union Tel. Co. v. Rutledge (Tex.Com. App.) 15 S.W.(2d) 210; McEwen v. Texas & Pac. Ry. Co. (Tex.Civ.App.) 92 S.W.(2d) 308.

■■■ Over the objection of appellant, appellee was permitted to testify: "I nursed him, waited on him, gave him medicine, washed his wounds with a syringe, and had to take him in and out of bed." This testimony was objected to upon the ground that it violated article 3716, R.S.1925, which provides that, "in actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party." The cases are too numerous to cite which hold that the character of testimony elicited from appellee was violative of this statutory provision. Henderson v. Davis (Tex.Civ.App.) 191 S.W. 358; Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185; Wells v. Hobbs, 57 Tex.Civ.App. 375, 122 S.W. 451.

On the grounds above stated, the judgment of the trial court is reversed, and the cause is remanded for another trial.

Reversed and remanded.