**ASHMORE v. PIKE.**

No. 8432.

Court of Civil Appeals of Texas. Austin.
June 23, 1937.

Rehearing Denied July 21, 1937.

Felts, Wheeler & Wheeler, of Austin, for appellant.

J. Hubert Lee and Chas. O. Betts, both of Austin, for appellee.

BLAIR, Justice.

Appellee, Mrs. M. B. Pike, a feme sole, sued appellant, Lee Ashmore, independent executor of the estate of Mrs. Sarah E. Bell, deceased, for $3,380, as the reasonable value of her services as housekeeper, companion, cook, and nurse of Mrs. Bell from January, 1931, until her death in January, 1935, and recovered judgment for $1,500; hence this appeal.

Appellee based her cause of action upon two grounds pleaded in the alternative. By her first count she sought a recovery upon an alleged oral contract between herself and Mrs. Bell, by which she agreed to act as housekeeper, companion, cook, and nurse until the death of Mrs. Bell, who was to give appellee her board and lodging during the lifetime of Mrs. Bell, and to provide a home for appellee during her lifetime. Appellee prayed for a specific performance of the contract, or in the alternative for damages for its breach.

By her second count, appellee alleged in the alternative that, if no express contract were made, then she alleged the fact that she had been requested by Mrs. Bell to perform the services, and sought to recover under an implied contract upon quantum meruit for the reasonable value of services rendered.

Only appellee's alternative cause of action for the reasonable value of her services was submitted to the jury.

The judgment must be reversed because of argument of counsel for appellee to the jury. In making his argument counsel for appellee stated to the jury as follows: "That we have been unable to prove what agreement or agreements were made by the deceased and the plaintiff, because the law does not permit us to prove these agreements by plaintiff." Counsel for appellant immediately objected to this argument, on the ground that it was improper, highly inflammatory,

and prejudicial, and was in effect permitting counsel to testify that there was an agreement between appellee and the deceased concerning her employment; and was in effect getting before the jury transactions with the deceased in violation of the provisions of article 3716, R.S.1925. The court instructed the jury to disregard the argument, and qualified the bill of exception taken by appellant to the argument as follows:

"We have a statute which is binding both on the court and the jury, that statute prohibits the parties from testifying to any transaction with the deceased in a case of this kind. In passing on the issues submitted, the jury will not consider as a circumstance against or in favor of either party the fact that the parties have not been permitted to testify as to transactions with the deceased, and you will disregard any argument which attempts to draw a conclusion unfavorable to either party from the fact that the parties have not been permitted to testify as to transactions with the deceased."

In the case of Gray v. Cheatham (Tex. Civ.App.) 52 S.W.(2d) 762, this court had under consideration the identical question here presented, and held that such argument of counsel was prejudicial and improper, and required a reversal of the judgment of the trial court. However, in the instant case, appellee insists that the trial court properly instructed the jury to disregard the improper argument and cured it of any error which might have been occasioned by such argument. We do not sustain this contention. If the argument could be cured by an instruction, the trial court did the best that it could to purge the matter from the minds of the jury. The effect of the argument was to tell the jury that appellee had a contract with Mrs. Bell, but, because of certain rules of evidence, she could not prove it; and that the jury should remunerate her in any event for the services rendered. The case was one which appealed to the sympathy of the jury. Appellee, a middle-aged lady, with no other means of support except her labor, had rendered services to an aged invalid for a number of years. The evidence was conflicting as to whether there was an agreement for appellee to render the services solely for her board and lodging, or whether she was to receive, in addition to her board and lodging, a home after

the death of Mrs. Bell. Appellee received the board and lodging and rendered the services under the undisputed evidence, and the only possible issue was whether she was entitled to additional compensation. Throughout the trial of the case questions were asked witnesses in the presence of the jury, seeking to elicit from them the express contract of Mrs. Bell with appellee, to the effect that she would provide, either by will or otherwise, a home for appellee after the death of Mrs. Bell. This evidence was correctly excluded because of the statutory inhibition against a party to a suit testifying to transactions with the deceased.

Much has been written in recent years with regard to improper and prejudicial argument of counsel, and the courts have announced the rule that where the unsworn evidence or testimony of counsel is given to the jury and is in its nature prejudicial and improper, that the courts will presume that injury has resulted and will require a reversal of a judgment. The argument in question was material and prejudicial. In consequence serious doubt exists as to whether the jury were influenced by the argument; and under such circumstances the burden was upon appellee to show that the argument was not prejudicial and did not improperly influence the jury. Gray v. Cheatham (Tex. Civ.App.) 52 S.W.(2d) 762; Williams v. Rodocker (Tex.Civ.App.) 84 S.W.(2d) 556; Pfeuffer v. Haas (Tex.Civ.App.) 55 S.W.(2d) 111, and Trinity-Universal Ins. Co. v. Maxwell (Tex.Civ.App.) 101 S.W.(2d) 606.

In submitting the case to the jury the court propounded the following question: "What sum of money paid now, if any, in addition to room and board furnished by the deceased to plaintiff, represents the actual market value in Austin, Texas, of the services rendered by plaintiff, if any, to deceased from January, 1931, to January, 1935?"

Appellant objected to the special issue submitted, upon the ground that the measure of damages or recovery was the reasonable value of the services rendered at the time and place of their rendition. There was no evidence as to the actual market value of such services in Austin. There was evidence of the reasonable value of such services in Austin. In the case of Gray v. Cheatham, supra, this court pointed out that the proper measure

of damages would be the reasonable price paid for such services or like services in the community where such services or like services were rendered. Standing alone, the court's special issue might not require a reversal of the case, but we call attention to the matter in view of another trial. Vetter v. Nicholson, 106 S.W.(2d) 1064, decided by this court April 28, 1937.

However, appellant contends that he was entitled to an instructed verdict, upon the ground that the evidence wholly failed to show either an express contract of employment, or an implied contract of employment, where recovery might be had upon quantum meruit. The general rule in cases of this character is as follows: "Where persons, especially where related by blood or marriage, are living together as one household, services there performed for each other are presumed to be gratuitous, and an express contract for remuneration must be shown, or that circumstances existed clearly showing a reasonable and proper expectation or mutual intention that there would be compensation." McFaddin v. Trahan (Tex. Civ.App.) 80 S.W.(2d) 492, 493. Dyess v. Rowe (Tex.Civ.App.) 177 S.W. 1001; Ivey v. Lane (Tex.Civ.App.) 225 S.W. 61, and Roberts v. Carlisle (Tex.Civ.App.) 287 S.W. 110.

The evidence brings the instant case within the rule above quoted. Briefly summarized, the evidence shows that appellee Mrs. Pike was engaged as housekeeper and practical nurse, and earned her living in that manner. She was a middle-aged feme sole, and that was her only means of livelihood. She worked wherever she was employed for her board, and at the time she was approached with regard to moving into the home with Mrs. Bell, her aunt, she was then employed and was being paid $1 a day, plus her room and board, for her services, which were entirely similar to those she performed for Mrs. Bell. Mrs. Bell's health was very bad, and she was unable to care for herself. Mrs. Bell was found by her sister, Mrs. Fuller, crawling around on the floor of a home which she owned, but which was occupied by another niece, who could not stay at home all of the time with her aunt. Mrs. Fuller testified that Mrs. Bell expressed the desire to return to her Austin home and to obtain the services of her niece, appellee Mrs. Pike, stating that she intended to give her a home during

her lifetime, and, after the death of Mrs. Bell, she intended to provide for a home for appellee during her lifetime. Upon returning to Austin, Mrs. Bell sought through Mrs. Mittenburg to locate appellee, and shortly after doing so appellee went to the home of Mrs. Bell and lived with her the rest of her lifetime. During the time of this relationship appellee did the cooking, housekeeping, and nursed Mrs. Bell, according to the undisputed testimony of disinterested witnesses. The relationship thus created was satisfactory; Mrs. Bell seeming to be content with the services rendered her by appellee. During this relationship on several occasions appellee was offered employment where she could obtain room and board, plus other compensation; all of which she refused, and continued in her relationship with Mrs. Bell until her death. This evidence clearly brings the case within the rule above announced.

The judgment of the trial court is reversed and the cause remanded for another trial, in accordance with this opinion.

Reversed and remanded.