## VETTER v. NICHOLSON.

No. 8772.

Court of Civil Appeals of Texas. Austin.

Nov. 2, 1938.

Rehearing Denied Nov. 23, 1938.

John C. Marburger and Moss & Moss, all of LaGrange, for appellant.

C. C. Jopling, of LaGrange, for appellee.

BLAIR, Justice.

Appellee, Martha Nicholson, sued appellant, C. G. Vetter, Independent Executor of the Estate of Thomas Burton, deceased, for the reasonable value of her services and care rendered to Thomas Burton, deceased. A trial to a jury on special issues resulted in judgment for appellee against appellant for $240. The appeal is predicated upon several propositions, all of which are overruled except one, which complains of the argument of counsel of appellee to the jury, as follows: "Gentlemen of the jury, by virtue of the law the mouth of this plaintiff, Martha Nicholson, is closed. She cannot testify and tell what her contract was with Thomas Burton, because he is dead, and the law will not permit her to testify as to her agreements with him."

Immediately after this argument was made appellant's counsel excepted thereto, and the court instructed the jury to disregard same. In several recent cases this court has held that such argument is improper, and that the trial court's instruction to disregard it after it is made is ineffectual to cure the error. Gray v. Cheatham, Tex.Civ.App., 52 S.W.2d 762; Ashmore v. Pike, Tex.Civ.App., 108 S.W.2d 276; and Johnson v. Durst, Tex.Civ.App., 115 S.W.2d 1000.

The judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.